2018 IL App (1st) 171674

No. 1-17-1674

Opinion filed on June 27, 2018.

Third Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOAKIM ROBERTSSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 16 L 6663 |
| | ) | |
| LUKA MISETIC, | ) | The Honorable |
| | ) | William E. Gomolinski, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court, with opinion.
Justices Fitzgerald Smith and Howse concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff Joakim Robertsson[1] appeals from the circuit court's order dismissing, for lack of personal jurisdiction, his two-count complaint wherein he alleged defamation and false-light invasion of privacy against defendant Luka Misetic. Robertsson now appeals, contending he had sufficient minimum contacts with Illinois to establish personal jurisdiction, or the authority of the

---

[1]The plaintiff's first name also appears as "Joan."

circuit court in Illinois to bring Misetic into its adjudicative process. See *Campbell v. Acme Insulations, Inc.*, 2018 IL App (1st) 173051, ¶ 11. For the reasons to follow, we affirm.

¶ 2                                      BACKGROUND

¶ 3      The following operative facts are taken from the pleadings and documentary evidence presented to the trial court. Misetic, who is a New York resident, was a lead attorney in a case before the International Criminal Tribunal for the former Yugoslavia (Tribunal); Robertsson, who is a Swedish citizen and resident, was a lead investigator in the case. In 1995 and 1996, Robertsson was assigned to the prosecutor's office for the Tribunal and led an investigation into alleged war crimes and human rights violations by senior leaders of the Croatian government, including general Ante Gotovina. Based in part on this investigation, the prosecutor's office indicted Gotovina on multiple counts. Gotovina retained Misetic as his defense counsel before the Tribunal and, in April 2011, was convicted. Over a year later, in November 2012, however, an appeals panel overturned the conviction.

¶ 4      In July 2016, Robertsson filed the present complaint in the circuit court of Cook County, alleging that Misetic was a "citizen of Illinois" who, as part of his legal practice, had a blog called "Misetic Law." He further alleged that in blog postings from 2013 and 2015, Misetic wrote that Robertsson had falsified evidence in the Gotovina trial and should have been criminally prosecuted for obstruction of justice. Robertsson alleged that Misetic drafted and posted these untrue, defamatory attacks from Chicago, Illinois.

¶ 5      In count I of Robertsson's complaint, he alleged that Misetic's statements were defamatory *per se* under Illinois law because they falsely accused Robertsson of professional misconduct and criminal activity, thus injuring his reputation. Count II alleged that Misetic's statements placed Robertsson in a false light to the public. In support, Robertsson attached an

2

Illinois Attorney Registration and Public Disciplinary record search of Misetic, showing that he was admitted to the Illinois bar in 1996, that he maintained an active Illinois law license, and that he had a registered business address at the firm, Squire Patton Boggs, LLP, in New York, New York.

¶ 6   Misetic moved to dismiss the complaint, in relevant part, for lack of personal jurisdiction because the allegations in the complaint failed to set forth that he had any systematic and continuous contacts with Illinois. Misetic asserted the case had "no connection" with Illinois in that Robertsson, a Swedish resident, sued Misetic, a New York resident, regarding statements that Misetic "made while in New York about events that occurred before an international criminal tribunal in The Hague, The Netherlands." Misetic argued that he did not reside in Illinois and that his Illinois law license was an insufficient basis for personal jurisdiction. He also asserted that he did not direct the blog post to any Illinois residents, and there was no allegation that Robertsson felt the defamatory effects of the statements in Illinois. Misetic stated that haling him into Illinois courts would offend traditional notions of fair play and substantial justice. In support, Misetic submitted an affidavit, wherein he attested that he was a Florida resident between 2005 and 2012 and he had been a continuous resident of New York since 2012. He had not resided in Illinois or owned any real property in Illinois since 1999, but he was licensed to practice law in both Illinois and New York, and he practiced from his office at Squire Patton Boggs in New York City. Although Misetic had a professional office in Illinois before 2002, he had not maintained one in the state since then. Since 2008, he had represented only one client in Illinois, a California corporation and resident, in the United States District Court for the Northern District of Illinois. However, because he was not an Illinois resident, or physically present in Illinois, he engaged another attorney to act as his local counsel, and he was no longer counsel in

3

that case. In fact, he had not provided legal services to any resident of Illinois or company headquartered or incorporated in Illinois in the last 10 years. Furthermore, Misetic wrote and posted his blog from New York. Finally, he attested that his blogging was not directed at Illinois or at any Illinois resident, and he was unaware of any connection that Robertsson had with Illinois.

¶ 7      Robertsson responded to this motion by claiming that the court had general jurisdiction over Misetic because he was licensed to practice law in Illinois, he based his solo law firm out of Chicago, and had listed a Chicago business address on numerous forms, even as recently as 2015. Robertsson maintained that Misetic had a law office at 207 E. Ohio Street, Suite 217, in Chicago for numerous years and up until 2015, when Misetic moved it to New York. In support, Robertsson attached Misetic's listing in Sullivan's Law Directory between 2009 and 2016, identifying Misetic's Ohio Street address in Chicago, and Misetic's Illinois ARDC lawyer search form, including a certification that Misetic had listed his Chicago address from 2013 to 2015. Robertsson then attached Misetic's appearance form in the Northern District case, referenced in Misetic's affidavit, and also another 2013 appearance form filed in a second case before the United States District Court for the Western District of Washington, both of which identified the Chicago address. In addition, Misetic also identified his practice as located in Chicago, according to excerpts from 2014 proceedings in the International Court of Justice. Robertsson asserted that Misetic had continuous and systematic business contacts permitting him to be sued in Illinois.

¶ 8      Misetic remained opposed to personal jurisdiction and therefore filed a second supporting affidavit, wherein he attested that he represented Gotovina from December 2005 until November 2012, and his law practice was focused almost exclusively on representing Gotovina before the Tribunal. In fact, the overwhelming majority of his law practice since 2005 was dedicated to

serving international clients before the international courts and tribunals. During this period, Misetic and his family lived full-time for several years in the Netherlands. From December 2005 until the present, he did not provide any legal services to an Illinois resident or entity incorporated or headquartered in Illinois. He retained local counsel for his northern district case because he was living in The Hague and not physically present in Illinois. The Seattle case was a *pro bono* case about The Hague Convention and Child Abduction.

¶ 9    Misetic attested that the Ohio Street address in Chicago was a UPS store, with the suite number being his mail box number. He asserted the Chicago mailing address "served only as a place to receive mail in the U.S. without risk of being accused of engaging in the unauthorized practice of law in the states where he actually resided but did not hold a bar license." He did not list an address in Florida, in New York, or in the Netherlands as his professional address because he did not want to present the appearance of engaging in the unauthorized law practice. He asserted that he never physically retrieved mail in Chicago. He did not become licensed in New York until May 2014 and was never licensed in either Florida or the Netherlands. Similarly, he used a Chicago telephone, obtained through Vonage, so as to avoid any appearance of an unauthorized legal practice in Florida, New York, or the Netherlands. Misetic likewise argued that a listing in a Chicago phone directory, which did not result in any business transaction, was insufficient to satisfy minimum contacts.

¶ 10    In March 2017, the trial court granted Misetic's motion to dismiss, concluding that Robertsson failed to establish that Misetic's Illinois law license, mailbox, or phone number satisfied the minimum contacts needed for general jurisdiction. Likewise, Misetic's alleged statements did not target Robertsson in Illinois, nor could Misetic anticipate that the effect of the

statements would be felt in Illinois. As a result, Robertsson also failed to establish specific personal jurisdiction.

¶ 11    Robertsson filed a motion to reconsider, which the trial court rejected. This appeal followed with the parties raising similar arguments as before the trial court.

¶ 12                                    ANALYSIS

¶ 13    It's well established that plaintiff bears the burden of establishing a *prima facie* basis for exercising personal jurisdiction over a nonresident defendant, although a plaintiff's *prima facie* case can be overcome by a defendant's uncontradicted evidence that defeats jurisdiction, and any conflicts in the pleadings and affidavits will be resolved in the plaintiff's favor. *Russell v. SNFA*, 2013 IL 113909, ¶ 28; *Hanson v. Ahmed*, 382 Ill. App. 3d 941, 943 (2008). However, where well alleged facts within an affidavit are not contradicted by a counter-affidavit, they must be taken as true notwithstanding the existence of contrary averments in the adverse party's pleadings. *Alpert v. Bertsch*, 235 Ill. App. 3d 452, 459 (1992). Where, as here, the circuit court decides the jurisdictional question solely on documentary evidence, absent an evidentiary hearing, our review is *de novo*. *Russell*, 2013 IL 113909, ¶ 28.

¶ 14    The issue before this court is whether Misetic, as a nonresident defendant, had a connection or contact with Illinois sufficient to satisfy federal and Illinois due process, in accordance with the "long-arm" statute found in section 2-209(c) of the Code of Civil Procedure (Code). See 735 ILCS 5/2-209(c) (West 2016) ("A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."); *Russell*, 2013 IL 113909, ¶ 30. If federal and Illinois due process requirements for personal jurisdiction are met, the Illinois long-arm statute is satisfied, and no other inquiry is required; however, if such requirements are not satisfied, then personal jurisdiction cannot be

6

invoked under the long-arm statute.[2] *Campbell*, 2018 IL App (1st) 173051, ¶ 11; *Keller v. Henderson*, 359 Ill. App. 3d 605, 612 (2005). Because there is no argument that the Illinois Constitution imposes any greater restraints on the exercise of jurisdiction than the federal constitution, we consider only federal constitutional principles. See *Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 2017 IL 121281, ¶ 13. In *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945), the seminal and still vibrant 1945 case, the United States Supreme Court held the federal due process clause permits a state court to exercise personal jurisdiction over a nonresident defendant only when the defendant has certain minimum contacts with the state so that the lawsuit does not offend " 'traditional notions of fair play and substantial justice' " (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). See also *Aspen*, 2017 IL 121281, ¶ 14. If a defendant purposefully establishes minimum contacts within the forum state, these contacts may be considered in light of other factors to determine whether imposing personal jurisdiction would comport with fair play and substantial justice. *Keller*, 359 Ill. App. 3d at 612. The requisite minimum contacts must be based on some act where the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Id.* at 612-13.

¶ 15   There are two types of personal jurisdiction under the " 'minimum contacts' " due process analysis—specific and general. Specific is case-specific, in that it exists when the plaintiff's cause of action arises out of or relates to the defendant's contacts with the forum state. *Aspen*, 2017 IL 121281, ¶ 14; *Keller*, 359 Ill. App. 3d at 613. A nonresident defendant may be

---

[2]Robertsson also argues that section 2-209 of the Code applies in this case. Section 2-209 states that a person who transacts business in Illinois submits "to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts." 735 ILCS 5/2-209(a)(1) (West 2016). As disclosed further below, we conclude Robertsson has failed to satisfy the due process requirements for personal jurisdiction, rendering his argument as to section 2-209 moot. See *Keller*, 359 Ill. App. 3d at 612 (analysis of the long-arm statute is now wholly unnecessary given the coextensive nature of the long-arm statute and due process requirements).

subjected to a forum state's jurisdiction based on certain single or occasional acts in the state but only with respect to matters related to those acts. *Russell*, 2013 IL 113909, ¶ 40. General jurisdiction, on the other hand, is all-purpose, meaning that the plaintiff may pursue a claim against the defendant even if the challenged conduct occurred outside the forum state. *Aspen*, 2017 IL 121281, ¶ 14. The standard for finding general jurisdiction is very high and requires a showing that the nonresident defendant carried on systematic business activity in Illinois, which is not casual or occasional, but rather with a fair measure of permanence and continuity. *Russell*, 2013 IL 113909, ¶ 36; *Campbell*, 2018 IL App (1st) 173051, ¶ 14. Transient contact—such as attendance at trade shows, advertising, or the mere solicitation of customers—is insufficient to establish general jurisdiction. *Bolger v. Nautica International, Inc.*, 369 Ill. App. 3d 947, 951-52 (2007).

¶ 16    Turning first to the issue of general jurisdiction, Robertsson argues that Misetic's law license and "advertised legal presence" constituted continuous and systematic contacts with Illinois such that Misetic could reasonably anticipate being haled into court here. While there is no Illinois case directly on point, foreign jurisdictions have considered and rejected this same argument in similar scenarios, concluding resoundingly that, "[M]embership in the state bar, in and of itself, does not subject an individual to general jurisdiction in the state of membership because such contact is not substantial, continuous, or systematic." *Baker v. Eighth Judicial District Court*, 999 P.2d 1020, 1023 (Nev. 2000); see also *Eastboro Foundation Charitable Trust v. Penzer*, 950 F. Supp. 2d 648, 655-56 (S.D.N.Y. 2013) (attorney's law license is not automatic consent to general personal jurisdiction); *Worthington v. Small*, 46 F. Supp. 2d 1126, 1134 (D. Kan. 1999) (defendant's contacts consisting of a Kansas law license, representing clients in Kansas over several years, and appearing as a defendant in several Kansas courts before the

matter at issue, were not so continuous and systematic as to confer general jurisdiction); *First Trust National Ass'n v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre*, 996 F. Supp. 585, 589 (S.D. Miss. 1998) (defendant nonresident law firm's occasional representation of Mississippi residents and the license of some of its members to practice in Mississippi were not systematic and continuous contacts for general jurisdiction); *Katz v. Katz*, 707 A.2d 1353, 1357 (N.J. Super. Ct. App. Div. 1998) (defendant's New Jersey law license could not support personal jurisdiction in matter unrelated to law license); *Wilson v. Belin*, 20 F.3d 644, 650-51 (5th Cir. 1994) (the fact that the defendant had malpractice insurance through a Texas law firm and had done limited legal and journalistic work in Texas was insufficient to establish general jurisdiction, where none of the parties to the suit resided in Texas); *Lebkuecher v. Loquasto*, 389 A.2d 143, 145 (Pa. Super. Ct. 1978) (New Jersey doctor's Pennsylvania medical license and telephone directory listing in Pennsylvania were insufficient to satisfy continuous and substantial business activities for personal jurisdiction in Pennsylvania, where the alleged injury was in New Jersey). Likewise, mere possession of the license does not accomplish anything in the way of pecuniary gain, although it might broaden the opportunity for such gain. See *Lebkuecher*, 389 A.2d at 145. In other words, a nonresident bar member can comply with the state's supreme court rules without having continuous or systematic contact with the state. See *Baker*, 999 P.2d at 1023. Although the above-cited cases are not binding, comparable decisions of other jurisdictions are entitled to respect. *Kostal v. Pinkus Dermatopathology Laboratory, P.C.*, 357 Ill. App. 3d 381, 395 (2005). Consistent with other jurisdictions, we conclude that holding an Illinois law license and registering with our state disciplinary authority are insufficient to establish the minimum contacts needed for general jurisdiction in Illinois.

¶ 17    We also reject Robertsson's claim that Misetic maintained an "advertised" legal presence in Illinois sufficient to satisfy minimum contacts for general jurisdiction. Misetic's uncontradicted assertions in his affidavit establish that he did not advertise himself as a lawyer who was actively practicing (as opposed to merely licensed) in Illinois or attempt to solicit Illinois residents, let alone any clients *in* Illinois. Misetic attested that he did not have a professional office in Illinois at the time of the blog postings or lawsuit (the last one was before 2002), did not live in Illinois, and had not resided in Illinois or owned property here since 1999. See *Bolger*, 369 Ill. App. 3d at 952. Misetic explained that his Ohio Street Chicago address, which he listed in the legal phone book and with the ARDC until 2015, was not an office where clients, other lawyers, or the community could access his legal services, but a P.O. box via UPS, intended for forwarding his mail while he practiced law internationally. Misetic averred that his law practice from 2005 forward was primarily focused on international clients in international tribunals and courts and that he did not provide legal services to any Illinois resident or entity incorporated or headquartered in Illinois. While his law license was through Illinois, his professional ties appeared to be largely international and then transferred to New York, where he now practices as an attorney with a physical office. And, the maintenance of a public website relating to his law practice, without more, is certainly insufficient to establish general (or specific) jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010); *Innovative Garage Door Co. v. High Ranking Domains, LLC*, 2012 IL App (2d) 120117, ¶ 22. Misetic's filed-appearance, while abroad, in a federal court case on behalf of a non-resident, plus his forwarding address and phone number and listing in a lawyer's phone book, thus were his only "contacts" with Illinois.

¶ 18    While a substantial amount of business is transacted by mail or wire communications across state lines, thus obviating the need for physical presence in a state where the business is conducted, potential defendants still should have some control over, and not be surprised by, the jurisdictional consequences of their actions. *Tamburo*, 601 F.3d at 701. A finding of jurisdiction in this case would lead to just that, surprise. Utilizing the cases cited above plus our own precedent, we hold that those contacts are too attenuated to create an expectation of being haled into Illinois courts. In other words, the contacts did not constitute systematic business activity, done with a fair measure of permanence and continuity in Illinois but, instead, were casual or occasional. See *Russell*, 2013 IL 113909, ¶ 36; *Campbell*, 2018 IL App (1st) 173051, ¶ 14.

¶ 19    In that sense, we find *Hoekstra v. Bose*, 302 Ill. App. 3d 704, 708-09 (1998), instructive. In *Hoekstra*, this court held that the defendant's possession of an Illinois driver's license did not constitute purposeful direction of activity toward Illinois residents and was "a fact that is too attenuated" to hale the defendant into court in Illinois for the minimum contacts standard of personal jurisdiction. *Id.* at 708. This was especially true, given that the alleged negligent driving accident at issue took place in Michigan, the car rental was in Michigan, and the defendant had not been an Illinois resident for several years. This court further concluded that Illinois did not have a substantial interest in resolving the case over Michigan courts.

¶ 20    Similarly, our supreme court in *Aspen* held that a foreign corporation's registration to do business in Illinois and appointment of a service-of-process agent did not submit the corporation to general jurisdiction in Illinois. The *Aspen* court wrote, "the fact that a foreign corporation has registered to do business under the [Business Corporation Act of 1983 (805 ILCS 5/1.01 *et seq.* (West 2012))] does not mean that the corporation has thereby consented to general jurisdiction over all causes of action, including those that are completely unrelated to the corporation's

activities in Illinois." 2017 IL 121281, ¶ 27. Here, asserting general jurisdiction over Misetic would deprive him of his due process liberty interest in not being subjected to a suit in a distant forum with which he has little connection.

¶ 21     In reaching this conclusion, we specifically reject Robertsson's argument that Illinois has personal jurisdiction over Misetic because Misetic was subject to the Illinois Rules of Professional Conduct. Robertsson cites the comments to Rule 8.5, which state, "The fact that the lawyer is subject to the disciplinary authority of this jurisdiction may be a factor in determining whether personal jurisdiction may be asserted over the lawyer for civil matters." Ill. R. Prof'l Conduct (2010) R. 8.5 cmt. 1 (eff. Jan. 1, 2016). As with the fact that Misetic is a member of the Illinois bar, we conclude professional attorney rules are insufficient to establish jurisdiction over a defendant who essentially has no other contacts with the forum state. See *Baker*, 999 P.2d at 1023; see also *Vandenberg v. Brunswick Corp.*, 2017 IL App (1st) 170181, ¶ 34 (violation of supreme court rules does not itself give rise to a cause of action against a lawyer and the rules are not designed to serve as a basis for civil liability). As Misetic notes, professional rules of conduct do not make personal jurisdiction for civil matters coextensive with the authority to discipline attorneys. Regardless, we agree with Misetic that Robertsson forfeited this argument by failing to properly raise it before the trial court. See *Palen v. Daewoo Motor Co.*, 358 Ill. App. 3d 649, 658 (2005) (an " 'argument not raised in the trial court and presented for the first time on appeal is waived' " (internal quotation marks omitted) (quoting *Johnson Press of America, Inc. v. Northern Insurance Co. of New York*, 339 Ill. App. 3d 864, 874 (2003)); see also *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36 (arguments raised for the first time in a motion to reconsider are forfeited on appeal).

¶ 22    Robertsson next argues that Misetic is subject to specific jurisdiction of the Illinois courts because Misetic's law blog could be viewed by Illinois residents, and purported to be "legal authority within Illinois given that Misetic holds himself out as an Illinois attorney."[3] He also argues that because of Misetic's Illinois law license, Misetic became involved in the Gotovina trial, which then "ostensibly became the basis of his defamatory charges" against Robertsson.

¶ 23    Again, for specific personal jurisdiction, there must be a connection between the forum and the specific claims raised. *Campbell*, 2018 IL App (1st) 173051, ¶ 24. Here, specific jurisdiction would be appropriate if Misetic purposefully directed his activities at Illinois or purposefully availed himself of the privilege of conducting business in Illinois *and* the alleged injury arose out of his Illinois-related activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); see also *Keller*, 359 Ill. App. 3d at 616 (noting the cause of action must directly arise out of the defendant's specific contacts with the forum state). As Misetic points out, in determining whether a defendant's contacts were purposely directed toward Illinois, the relevant time period begins when the claim arose and extends to the date the lawsuit was filed and service was attempted, with "the critical point of inquiry [being] the time the defendant was made a party to the suit and was served." (Internal quotation marks omitted.) *Palen*, 358 Ill. App. 3d at 659. Here, in 2013 and 2015, the time of the claimed injury, Misetic was a New York resident who wrote the blog post from New York. The lawsuit was filed in 2016. There is no evidence that Misetic purposefully directed any allegedly defamatory statement or blog post at Illinois, had an Illinois readership, or committed an act directed at Illinois. *Cf. Calder v. Jones*, 465 U.S.

---

[3]Notably, Robertsson did not develop his argument about personal jurisdiction as it related to the internet until his reply brief, thus forfeiting the matter. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2017) (an appellant must set forth contentions on appeal and the reasons therefore, with citation to the authorities and the pages of the record relied on, and points not argued are forfeited and shall not be raised in the reply brief); *Marzouki v. Najar-Marzouki*, 2014 IL App (1st) 132841, ¶ 12 (issues must be clearly defined and supported by pertinent authority and failure to develop an argument results in waiver).

783, 789-90 (1984) (the defendants' intentional and allegedly tortious actions were expressly aimed at California, and the plaintiff felt the effects there, so the defendants could reasonably anticipate being haled into court in California). Likewise, we cannot say the evidence established that Robertsson, a Swedish citizen and resident, would feel the effects of these statements or any injury in Illinois. To the extent that the Gotovina trial was a "business activity," it arose years before the statements at issue and related to war crimes in Yugoslavia before an international tribunal. In short, there was no business conducted in Illinois, nor did the allegedly defamatory statements arise out of Illinois-related activities. While Robertsson essentially claims that but for Misetic's Illinois law license, the claimed injury would not have occurred, we find Misetic's law license merely provided him a means of practicing. See *Eastboro Foundation Charitable Trust*, 950 F. Supp. 2d at 659. It apparently allowed him to avail himself of the privilege of conducting his law practice largely in the international arena, rather than in Illinois. Robertsson hasn't cited any rule that the international tribunals before which Misetic appeared required him to be specifically licensed *in Illinois*, as opposed to any other state in the United States or any other country. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2017) (an argument shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities).

¶ 24   Misetic lacked the minimum contacts with Illinois for our courts to exercise jurisdiction. Nonetheless, we further observe that exercising personal jurisdiction over Misetic would indeed offend notions of fair play and substantial justice. See also *Bolger*, 369 Ill. App. 3d at 950 (federal due process analysis considers whether it's reasonable to require the defendant to litigate in the forum state). The burden of defending a lawsuit in Illinois, when Misetic resides in New York, would be heavy; Illinois has no interest in adjudicating the dispute between a New York resident and a Swedish resident concerning matters that did not occur or arise in Illinois;

14

Robertsson has not shown Illinois to be any more convenient a forum with effective relief than, say, New York or elsewhere; and there's no indication that a lawsuit in Illinois would be the most efficient or would further social policies. See *Rudzewicz*, 471 U.S. at 477-78 (noting these relevant factors in determining whether personal jurisdiction would offend notions of fair play and substantial justice); *Keller*, 359 Ill. App. 3d at 618.

¶ 25                                    CONCLUSION

¶ 26    For all of the foregoing reasons, we conclude that Robertsson has not met his burden of establishing that Misetic is subject to personal jurisdiction in Illinois either under a general or specific jurisdiction theory. Therefore, we affirm the judgment of the circuit court granting Misetic's motion to dismiss the case for lack of personal jurisdiction.

¶ 27    Affirmed.