2019 IL App (1st) 181703

FIRST DISTRICT
SIXTH DIVISION
May 24, 2019

No. 1-18-1703

| | | |
|---|---|---|
| ELHAM SHEIKHOLESLAM, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 L 2164 |
| | ) | |
| ANTONIN FAVREAU, | ) | Honorable |
| | ) | Daniel T. Gillespie, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Cunningham and Connors concurred in the judgment and opinion.

## OPINION

¶ 1     This appeal arises from an action for fraud and legal malpractice, brought by plaintiff Elham Sheikholeslam against defendant Antonin Favreau. Defendant filed a motion to dismiss for lack of personal jurisdiction, which the trial court granted upon the documentary evidence submitted by the parties. On appeal, plaintiff contends that the trial court erred in finding that it lacked personal jurisdiction over defendant because defendant could have performed the contract only because he had a license to practice law in Illinois and because defendant had continuous and systematic business contacts with Illinois. For the reasons stated below, we affirm.

¶ 2                               I. JURISDICTION

¶ 3     The circuit court found that it lacked personal jurisdiction over the sole defendant and dismissed this case with prejudice on July 12, 2018. Plaintiff timely filed her notice of appeal on August 7, 2018. Accordingly, this court has jurisdiction pursuant to article VI, section 6, of the

Illinois Constitution and Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), governing appeals from a final judgment in a civil case. Ill. Const. 1970, art. VI, § 6.

¶ 4                                    II. BACKGROUND

¶ 5     Plaintiff filed her complaint in February 2018, naming Favreau as the sole defendant. She alleged regarding jurisdiction that defendant conducted business transactions in Illinois, made or performed a contract substantially connected with Illinois, or breached his fiduciary duty to plaintiff as an Illinois-licensed attorney. Regarding venue, plaintiff alleged that defendant was a nonresident of Illinois. Plaintiff alleged that she employed defendant in March 2016 to represent her in a federal immigration matter upon his representation at that time that he was "an Illinois-licensed attorney and [was] thereby an authorized immigration attorney within the United States." She claimed fraud upon allegations that, in August 2016, he made certain knowingly false representations to her that she relied upon to her detriment. She claimed legal malpractice upon allegations that defendant overcharged her for her immigration matter and employed a nonattorney to provide legal advice and service on plaintiff's matter without attorney supervision.

¶ 6     In April 2018, defendant filed his appearance and motion to dismiss (735 ILCS 5/2-619.1 (West 2016)), arguing, in relevant part, that the circuit court lacked personal jurisdiction over him. He argued that the complaint failed to allege sufficient facts to confer personal jurisdiction over him and that his attached affidavit established a lack of sufficient contacts with Illinois to confer personal jurisdiction over him. He argued that plaintiff's allegations of personal jurisdiction were "boilerplate and conclusory." He also argued that being licensed to practice law in Illinois does not by itself confer personal jurisdiction to Illinois.

¶ 7    In his attached April 2018 affidavit, defendant averred that he is a citizen of Canada residing "exclusively" in Montreal. He was licensed to practice law in Illinois since January 2014 but had no office in Illinois and never practiced law in Illinois. He was last in Illinois in August 2013, when he came here for the bar examination. He never met or spoke to plaintiff in Illinois, the contract at issue was executed by plaintiff in Iran and ACIC Management Co. Ltd. (ACIC) in Canada, and none of the services to be performed under the agreement were to be performed in Illinois. Defendant was "affiliated with" ACIC but "never acted in his capacity as an attorney on behalf of, or otherwise represented, Plaintiff." The services contracted for were to be provided by ACIC, a British Virgin Islands corporation, and Progressive Immigration Services (Progressive), a Canadian corporation.

¶ 8    Also attached to the motion to dismiss was a copy of a March 2016 "client representation agreement" between plaintiff and Progressive and ACIC. ACIC and defendant were referred to interchangeably therein—that is, the parties included "Antonin Favreau ('ACIC Management Co. Limited')"—and defendant signed on ACIC's behalf.

¶ 9    Plaintiff filed a response to the motion to dismiss, arguing, in relevant part, that the circuit court had personal jurisdiction over defendant under section 2-209 of the Code of Civil Procedure. *Id.* § 2-209 (West 2016). She argued that she would not have hired defendant if he had not been an immigration attorney, while his "only claim to being a[ ] U.S. immigration attorney is by the virtue of being an Illinois attorney" because he is not a nonattorney "Accredited Representative" and is an attorney in only one state, Illinois. She also argued that defendant breached his fiduciary duty pursuant to his Illinois law license and that "it was reasonable to require Defendant to litigate in Illinois as Illinois has a substantial interest in

resolving a legal malpractice claim against an Illinois lawyer practicing directly under the scope of an Illinois bar license." She argued that defendant and ACIC were "one and the same" and that the immigration advice and services defendant contracted to provide her through ACIC were "the practice of law under Illinois state law and federal immigration law." She argued that she need not prove every factual allegation in her complaint before discovery but may allege ultimate facts to be proven in the course of litigation.

¶ 10 Attached to plaintiff's response was a printout of a webpage for the Favreau Law Firm, describing it as "an international law firm focusing on immigration" to Canada and the United States and identifying defendant as its "founder and owner" who "has lived in Canada, China and Ecuador" and as a "Canadian and American immigration lawyer" who "is a member in good standing of the Quebec Bar in Canada and of the Illinois Bar in U.S.A."

¶ 11 Also attached to plaintiff's response was a printout of the relevant portions (the first page and the "F" listings) of an "Accredited Representatives Roster" as of April 30, 2018, not showing defendant's name. Plaintiff also attached a printout from the Illinois Secretary of State, showing no certificate of good standing for a corporation or limited-liability company named "ACIC Management" and a printout of a similar unsuccessful search result for "acic management" in the records of the Quebec "Registraire des enterprises."

¶ 12 Defendant filed a reply in support of his motion to dismiss, arguing that (1) plaintiff was relying entirely upon defendant's Illinois law license for personal jurisdiction but his license "is irrelevant to the issue of jurisdiction" because no services by defendant were alleged to have occurred in Illinois, (2) plaintiff "fails to allege a single act or omission that occurred in this state," and (3) neither plaintiff nor defendant resided in Illinois.

¶ 13    On July 12, 2018, the court heard the motion to dismiss. Defendant argued that he had no systematic contact with Illinois, provided no services to plaintiff in Illinois, and was not subject to personal jurisdiction in Illinois merely by having an Illinois law license. Plaintiff argued that the court had both general and specific personal jurisdiction over defendant, plaintiff employed defendant as a U.S. immigration attorney to provide legal services regarding immigration to the United States, defendant could provide those services only because he had an Illinois law license, and defendant, as an attorney, was liable for his malpractice even if he worked through a corporation. Plaintiff argued that she was not "forum shopping" because the only proper forum for her U.S. immigration-related claims was in the United States, and the only proper American forum was Illinois. When the court asked defendant's counsel where plaintiff could sue defendant if not Illinois, counsel replied that the case could proceed in Canada, where the courts would have jurisdiction over defendant and could apply whichever law governed.

¶ 14    The trial court recited that it heard the arguments and read the motion filings. The court stated that it had jurisdiction over defendant only if he had such connections to Illinois that he should reasonably anticipate being haled into court here and somehow purposely availed himself of the privilege of conducting activities in Illinois so that he invoked the benefits and protection of Illinois law. The court found this case to be substantively indistinguishable from *Robertsson v. Misetic*, 2018 IL App (1st) 171674, ¶ 23, holding that the law license of the defendant therein "merely provided him a means of practicing." Thus, the court found that defendant was not "at home" in Illinois for purposes of general jurisdiction, nor did this case arise from his actions in Illinois to convey specific jurisdiction. The court noted defendant's affidavit stated that he resided in Canada, did not maintain an office in Illinois, never met or spoke with plaintiff in

Illinois, and did not contract with plaintiff to provide her services in Illinois. The court found that it lacked jurisdiction over defendant. The court issued a written order that day granting defendant's motion to dismiss and dismissing the case with prejudice. This appeal timely followed.

¶ 15                                    III. ANALYSIS

¶ 16    On appeal, plaintiff contends that the trial court erred in finding that it lacked personal jurisdiction over defendant because defendant could have performed the contract underlying this action only because he had a license to practice law in Illinois and because defendant had continuous and systematic business contacts with Illinois. In other words, plaintiff contends that Illinois has general and specific personal jurisdiction over defendant. Defendant responds that being licensed to practice law in Illinois does not by itself grant personal jurisdiction and that he did not otherwise have sufficient contacts with Illinois to be subject to personal jurisdiction here.

¶ 17    The plaintiff has the burden of establishing a *prima facie* basis to exercise personal jurisdiction over a nonresident defendant. *Aspen American Insurance Co. v. Interstate Warehousing Inc.*, 2017 IL 121281, ¶ 12. While conflicts in the pleadings and affidavits regarding personal jurisdiction over a nonresident defendant are resolved in the plaintiff's favor, the defendant may overcome the plaintiff's *prima facie* case by offering uncontradicted evidence that defeats jurisdiction. *Id.* When the circuit court decides a jurisdictional question solely on documentary evidence, without an evidentiary hearing, our review is *de novo*. *Id.*

¶ 18    Section 2-209 of the Code of Civil Procedure, often called the long-arm statute, authorizes personal jurisdiction over nonresident civil defendants and provides in relevant part:

"(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State;

(2) The commission of a tortious act within this State;

* * *

(7) The making or performance of any contract or promise substantially connected with this State; [or]

* * *

(11) The breach of any fiduciary duty within this State;

* * *

(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(a), (c) (West 2016).

¶ 19    Paragraph (c) of the long-arm statute conveys personal jurisdiction to the fullest extent consistent with due process. *Aspen American Insurance Co.*, 2017 IL 121281, ¶ 13; *Robertsson*, 2018 IL App (1st) 171674, ¶ 14. Consistent with due process, a state court may exercise personal jurisdiction over a nonresident only if he or she has certain minimum contacts with the state, such that allowing the action to proceed does not offend traditional notions of fair play and substantial justice. *Aspen American Insurance Co.*, 2017 IL 121281, ¶ 14. The requisite minimum contacts must be based on defendant somehow purposefully availing himself or herself

of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Robertsson*, 2018 IL App (1st) 171674, ¶ 14.

¶ 20    Jurisdiction under the long-arm statute may be specific or general. *Aspen American Insurance Co.*, 2017 IL 121281, ¶ 14. Specific jurisdiction is case-specific, as the name implies, and requires a showing that the defendant purposefully directed his or her activities at Illinois as the forum state and the cause of action at issue arose out of or relates to the defendant's contacts with Illinois. *Id.* A finding of general jurisdiction permits a cause of action against a defendant, even if his or her conduct at issue in the case occurred entirely outside Illinois. *Id.* For a state court to have general jurisdiction over a defendant, his or her affiliations with the forum state must be so continuous and systematic as to render him or her essentially at home there. *Id.* ¶ 16 (citing *Daimler AG v. Bauman*, 571 U.S. 117, ___ (2014)). A foreign corporation does not submit to general jurisdiction in the Illinois courts merely by registering with the Secretary of State to do business in Illinois. *Id.* ¶¶ 22-27.

¶ 21    In *Robertsson*, this court recently rejected the proposition that a nonresident defendant's Illinois law license and advertised legal presence here (a mailing address and telephone number but no office) constituted such continuous and systematic contact with Illinois that the defendant could reasonably anticipate being haled into court here. *Robertsson*, 2018 IL App (1st) 171674, ¶¶ 16-17, 20. We noted that similar arguments had been rejected in various other forums. *Id.* ¶ 16 (and various cases cited therein). We therefore concluded "that holding an Illinois law license and registering with our state disciplinary authority are insufficient to establish the minimum contacts needed for general jurisdiction in Illinois." *Id.* We rejected an argument that Illinois had personal jurisdiction over a nonresident with an Illinois law license because he was subject to the

Illinois Rules of Professional Conduct. *Id.* ¶ 21. We agreed with the defendant that "professional rules of conduct do not make personal jurisdiction for civil matters coextensive with the authority to discipline attorneys." *Id.*

¶ 22 As to specific jurisdiction, we held in *Robertsson* that it "would be appropriate if [defendant] Misetic purposefully directed his activities at Illinois or purposefully availed himself of the privilege of conducting business in Illinois *and* the alleged injury arose out of his Illinois-related activities." (Emphasis in original.) *Id.* ¶ 23. In determining whether a defendant's contacts were purposely directed toward Illinois, the relevant time period begins when the claim arose and extends to the date the lawsuit was filed and service was attempted. *Id.* When the *Robertsson* defendant published the allegedly defamatory posting that was the basis of that case, he resided outside of Illinois, he wrote the posting outside of Illinois, and the plaintiff, as a nonresident of Illinois, could not show that he would be affected or injured in Illinois. *Id.*

"While Robertsson essentially claims that but for Misetic's Illinois law license, the claimed injury would not have occurred, we find Misetic's law license merely provided him a means of practicing. [Citation.] It apparently allowed him to avail himself of the privilege of conducting his law practice largely in the international arena, rather than in Illinois. [Citation.] Robertsson has not cited any rule that the international tribunals before which Misetic appeared required him to be specifically licensed *in Illinois*, as opposed to any other state in the United States or any other country." (Emphasis in original.) *Id.*

¶ 23 Lastly, we held in *Robertsson* that "exercising personal jurisdiction over Misetic would indeed offend notions of fair play and substantial justice." *Id.* ¶ 24. The burden of defending a

lawsuit in Illinois "would be heavy," "Illinois has no interest in adjudicating the dispute between a New York resident and a Swedish resident [(the defendant and plaintiff respectively)] concerning matters that did not occur or arise in Illinois," and the plaintiff failed to show that Illinois was a more convenient forum with effective relief than another, such as New York. *Id.*

¶ 24    Here, plaintiff contends that defendant can provide legal services relating to United States immigration, as in her matter underlying this case, only because he has an Illinois law license. However, we conclude pursuant to *Robertsson* that defendant's license is insufficient to convey personal jurisdiction over defendant, either general or specific, to the circuit court. As defendant averred, he resides in Canada and his only relevant connection to Illinois is his law license, having not been in Illinois since he sat for the bar examination in 2013. *Robertsson* clearly establishes that this is insufficient for general jurisdiction.

¶ 25    As to specific jurisdiction, the agreement or relationship at issue here was between a nonresident plaintiff and non-Illinois corporations represented by a nonresident defendant to perform services and provide advice regarding immigration, with no indication that the services or advice would be provided in Illinois. Neither defendant's alleged breach of his duties under the agreement, nor plaintiff's alleged damages, were in Illinois. Stated another way, while defendant obtained an Illinois law license in 2014 based on taking the bar examination here in 2013, defendant performed no relevant action or event in Illinois within the period relevant to plaintiff's causes of action: from when the agreement with plaintiff was formed in March 2016, to defendant's alleged misrepresentations in August 2016, to the filing of the complaint in February 2018. Similarly to *Robertsson*, defendant's Illinois law license allowed him to avail himself of the privilege of conducting his practice in the federal immigration arena, rather than in

Illinois, and plaintiff has not shown that the federal bodies before which defendant practiced required him to be licensed in Illinois specifically, rather than any state of the United States.

¶ 26    Lastly, as in *Robertsson*, Illinois has no particular stake in adjudicating a dispute between an Iranian citizen and a Canadian citizen concerning matters that did not arise in Illinois, nor has plaintiff shown that Illinois is a more appropriate forum than another such as Quebec where defendant resides. While plaintiff argues that her agreement with defendant concerned immigration to the United States, her complaint at issue alleges tortious conduct by defendant— fraud and legal malpractice—related to that agreement. We see nothing about those claims that must be heard in a United States court to the exclusion of all others, as she contends. See *Campbell v. Acme Insulations, Inc.*, 2018 IL App (1st) 173051, ¶ 25 (rejecting a claim of "jurisdiction by necessity" alleging that no other forum was proper).

¶ 27                                    IV. CONCLUSION

¶ 28    The trial court did not err in finding that it lacked personal jurisdiction over defendant. Thus, its grant of defendant's motion to dismiss, and dismissal of this case with prejudice, were proper. Accordingly, the judgment of the circuit court is affirmed.

¶ 29    Affirmed.