2024 IL App (4th) 230994

NO. 4-23-0994

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| STEVEN WOOD, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| SAMSUNG SDI CO., LTD., and TRIBBLE VAPORS, | ) | No. 23LA21 |
| LLC, | ) | |
|     Defendants, | ) | Honorable |
| (Samsung SDI Co., Ltd., Defendant-Appellant). | ) | Robin L. Schmidt, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court, with opinion.
Justices Steigmann and Lannerd concurred in the judgment and opinion.

## OPINION

¶ 1　　Defendant Samsung SDI Co., Ltd. (Samsung or SDI), is a South Korean corporation with its principal place of business in South Korea. Samsung manufactures and sells rechargeable 18650 lithium-ion battery cells to other manufacturers in bulk; 18650 cells resemble AA batteries but are larger and produce more than twice as much voltage. Samsung's customers incorporate the 18650 cells into sealed battery packs and various Samsung-approved products. Each battery pack contains a battery management system that monitors the 18650 cell to prevent it from, among other things, short-circuiting and exploding. However, an 18650 cell can be removed from a battery pack or approved device and installed in an electronic device that lacks these same safety features and has not been approved by Samsung.

¶ 2　　Plaintiff Steven Wood alleges that in December 2020, he purchased an e-cigarette from defendant Tribble Vapors, LLC (Tribble Vapors), an Illinois limited liability company with

its principal place of business in Springfield, Illinois; the e-cigarette purportedly contained an 18650 cell manufactured by Samsung. In January 2021, the e-cigarette exploded in plaintiff's pocket and caused third-degree burns to his right leg and minor burns to his right hand, requiring him to be hospitalized for one week. Plaintiff argues that Samsung should be held liable for his damages under theories of strict liability and negligence; plaintiff raises additional claims against Tribble Vapors that are not at issue in this appeal.

¶ 3        Samsung filed a motion to dismiss plaintiff's claims against it on the grounds that it had done nothing that would subject it to the jurisdiction of the Illinois courts. After a nonevidentiary hearing, the trial court denied Samsung's motion. We granted Samsung's petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(3) (eff. Oct. 1, 2020). We now reverse and remand with directions to dismiss plaintiff's claims against Samsung for lack of personal jurisdiction.

¶ 4                                I. BACKGROUND

¶ 5        In his complaint, plaintiff alleges "[t]hat personal jurisdiction is appropriate as to Defendant Samsung *** because of its purposeful, continuous, and systematic contacts with Illinois entities and the Illinois market, including but not limited to Samsung SDI America, and because its products are sold in and throughout Illinois."

¶ 6        In support of its motion to dismiss, Samsung attached a May 5, 2023, declaration by Young Chan Han, a principal engineer employed by Samsung for more than 15 years. Han states the following with respect to Samsung's business activities:

> "7. SDI has no employees, officers, business agents, directors, or representatives in the State of Illinois.
>
> 8. SDI is not licensed or registered to do business in the State of Illinois.

9. SDI does not have an interest in, use, or possess real property in the State of Illinois.

10. SDI does not do or solicit business, engage in any other persistent course of conduct in the State of Illinois, or derive substantial revenue from goods, food, services, or manufactured products used or consumed in the State of Illinois.

11. SDI has never maintained a bank account in the State of Illinois.

12. SDI has never incurred an obligation to pay or paid taxes in the State of Illinois.

13. SDI has never conducted any business with any retail store in the State of Illinois, including Tribble Vapors.

14. SDI designs and manufactures numerous sizes and models of battery cells, including 18650 lithium-ion battery cells.

15. "18650" is not an SDI designation. Rather, it is a standardized size code used by battery manufacturers to identify the battery cell dimensions. "18650" indicates that the battery cell is 18 millimeters in diameter and 65 millimeters in height.

16. SDI designs and markets 18650 lithium-ion battery cells to be used solely by sophisticated business entities who acquire the cells in bulk either for assembly in battery packs with a self-contained battery management unit, or for incorporation as a component in authorized products. E-cigarette/vaping devices are not authorized products, and SDI does not manufacture any battery cells to be used in e-cigarette/vaping devices like the ones described in Plaintiff's Complaint. SDI also does not sell any battery cells on an individual basis to anyone.

17. SDI does not manufacture, market, repair, or advertise 18650 lithium-ion batteries in the State of Illinois.

18. SDI does not sell 18650 lithium-ion batteries to retailers or consumers.

19. SDI has never authorized any third party to advertise, distribute, or sell SDI 18650 lithium-ion batteries for use in e-cigarettes or vaping devices in Illinois or elsewhere.

20. SDI has never authorized any distributor, wholesaler, retailer, or reseller to advertise or sell SDI 18650 lithium-ion batteries individually or for standalone use.

21. SDI also does not sell battery cells to persons or entities outside of Illinois with the intent that they ultimately be sold or used within Illinois."

Samsung did not challenge plaintiff's allegation that Samsung, as opposed to another battery manufacturer, manufactured the 18650 cell that injured him.

¶ 7      Plaintiff filed a responsive memorandum, including several hyperlinks to websites showing that Samsung's 18650 cells could be purchased from third parties. Plaintiff specifically named three Illinois vape shops (Mi Vape Co., American Green Smoke, and World Vape USA) and two major national chains (Walmart and Amazon.com) where Samsung's 18650 cells could be purchased by Illinois residents. Plaintiff also identified several products manufactured by third parties that purportedly included Samsung battery cells, such as power tools, electric cars, electric bicycles, scooters, and golf carts. Plaintiff noted that Han's declaration was silent as to what "sophisticated business entities" purchased its 18650 cells but alleged broadly that Samsung "operates an extensive network of wholly owned U.S. subsidiaries through which it conducts business domestically," even though it did not ship its products directly into Illinois.

¶ 8        Despite citing several Internet sources in his responsive memorandum, plaintiff did not actually file a counteraffidavit or unsworn declaration of his own, but attached several documents from a federal lawsuit filed against Samsung by an Indiana plaintiff represented by another law firm. See *B.D. ex rel. Myers v. Samsung SDI Co.*, No. 2:22-cv-00107-JRS-DLP, 2022 WL 22662132 (S.D. Ind. Sept. 30, 2022). Plaintiff did not initiate jurisdictional discovery pursuant to Illinois Supreme Court Rule 201(*l*) (eff. Mar. 17, 2023) while Samsung's motion was pending, but he argued in his responsive memorandum that the trial court should grant him leave to conduct jurisdictional discovery if it was included to grant Samsung's motion.

¶ 9        In a reply memorandum, Samsung emphasized that plaintiff had failed to provide any evidence to rebut Han's declaration, arguing that plaintiff had, at most, supplied unsupported allegations that a third party unilaterally diverted one of Samsung's 18650 cells from its intended, authorized chain of distribution and installed it in the e-cigarette that plaintiff purchased.

¶ 10        After a nonevidentiary hearing, the trial court denied Samsung's motion.

¶ 11        This appeal followed.

¶ 12        II. ANALYSIS

¶ 13        A. Legal Standard

¶ 14        The sole issue on appeal is whether the trial court could properly exercise personal jurisdiction over plaintiff's claims against Samsung without violating the due process clause of the fourteenth amendment. U.S. Const., amend. XIV, § 1; accord Ill. Const. 1970, art. I, § 2. When conducting this analysis, we first consider whether plaintiff has set forth a *prima facie* case for personal jurisdiction in his complaint; if so, the burden shifts to Samsung to supply "uncontradicted evidence that defeats jurisdiction." *Robertsson v. Misetic*, 2018 IL App (1st) 171674, ¶ 13. Samsung may overcome plaintiff's *prima facie* case with an affidavit containing well alleged facts

that "must be taken as true notwithstanding the existence of contrary averments" in plaintiff's complaint. *Id.* At that point, the burden shifts back to plaintiff "to come forward with a counteraffidavit or other documentation supporting the exercise of personal jurisdiction." *Wesly v. National Hemophilia Foundation*, 2017 IL App (3d) 160382, ¶ 39. If plaintiff cannot do so, his claims against Samsung must be dismissed. See *id.* ¶ 43.

¶ 15    We note at the outset that the trial court's hearing on Samsung's motion was not transcribed, nor has Samsung supplied a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323 (eff. July 1, 2017) (providing for the preparation of a verbatim transcript or these alternatives when a verbatim transcript cannot be obtained); *Vance v. Joyner*, 2019 IL App (4th) 190136, ¶ 82 ("[A] party's factual 'assertions in an appellate brief cannot serve as a substitute for a proper record.' " (quoting *Coombs v. Wisconsin National Life Insurance Co.*, 111 Ill. App. 3d 745, 746 (1982))). An appellant who fails to satisfy its " 'burden to present a sufficiently complete record of the proceedings *** to support a claim of error' " runs the risk that this court will resolve the unsupported claim of error against it or presume that no error occurred. *Id.* (quoting *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). Here, however, it is undisputed that no evidence was introduced at the hearing, so our standard of review of the documentary evidence is *de novo*. *Rios v. Bayer Corp.*, 2020 IL 125020, ¶ 16. As such, the lack of a report of proceedings does not impede our review. *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 734 (2009).

¶ 16    Plaintiff concedes that Samsung is not "essentially at home" in Illinois such that the exercise of general personal jurisdiction would be proper. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Accordingly, the question is whether the exercise of specific personal jurisdiction would be proper. "Specific jurisdiction requires a showing that the defendant purposefully directed its activities at the forum state and the cause of action arose out of

or relates to the defendant's contacts with the forum state." *Russell v. SNFA*, 2013 IL 113909, ¶ 40 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). If the "defendant has the[se] requisite 'minimum contacts' with Illinois, this court must also consider the reasonableness of requiring the defendant to litigate in Illinois." *Id.* ¶ 87 (quoting *Wiles v. Morita Iron Works Co.*, 125 Ill. 2d 144, 152 (1988)).

¶ 17　　　　The three steps of the specific jurisdiction analysis are sometimes referred to as (1) purposeful availment, (2) relatedness, and (3) reasonableness. Because we can resolve the present case at the first step, we decline to reach the second and third steps.

¶ 18　　　　　　　　　　　　B. Purposeful Availment

¶ 19　　　　Samsung does not challenge plaintiff's allegation that 18650 cells are present and available for sale from third parties in Illinois, but Samsung correctly asserts that these facts alone are not sufficient to establish personal jurisdiction. See *Wiles*, 125 Ill. 2d at 161 ("The mere presence of a product in a State, without more, is not sufficient to subject the foreign manufacturer to the jurisdiction of the Illinois courts."); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 296 (1980) (rejecting the proposition that a seller's amenability to suit travels with its products).

¶ 20　　　　A defendant's choice to directly send its goods or agents into a state "is certainly a relevant contact" for determining purposeful availment. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (unanimous); see *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945) (attributing the acts of a corporate agent to the corporation itself). Here, however, there is no evidence that Samsung shipped 18650 cells into Illinois either directly or through an authorized agent. *Contra Kothawala v. Whole Leaf, LLC*, 2023 IL App (1st) 210972, ¶ 38 (finding that Illinois courts had personal jurisdiction in a similar case when "it [wa]s undisputed that [the defendant had] directly

sold nearly 2 million 18650 batteries into Illinois in the relevant time period"). Indeed, there is no evidence that Samsung itself shipped *any* battery cells of any kind into Illinois. *Contra B.D. ex rel. Myer v. Samsung SDI Co.*, 91 F.4th 856, 862 (7th Cir. 2024) (*per curiam*) (allowing for jurisdictional discovery in a similar Indiana case when "the parties agree[d] that Samsung SDI s[old] some batteries—but not 18650 batteries—directly to Indiana utility companies for use in power grids").

¶ 21 Alternatively, a defendant can be found to have met the purposeful availment requirement if it " 'deliver[ed] its products into the [national] stream of commerce with the expectation that they will be purchased by consumers in the forum State.' " *Russell*, 2013 IL 113909, ¶ 43 (quoting *World-Wide Volkswagen*, 444 U.S. at 297-98). No definitive explanation of the stream-of-commerce theory has commanded a majority vote of the United States Supreme Court. See *id.* ¶¶ 43-71 (analyzing cases). The Illinois Supreme Court, whose interpretations of the United States Constitution are binding on this court (see *People v. Morris*, 2017 IL App (1st) 141117, ¶ 42), has likewise declined to resolve the question. *Russell*, 2013 IL 113909, ¶ 71.

¶ 22 Nevertheless, the United States Supreme Court emphasized when adopting the stream-of-commerce theory that "the mere 'unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.' " *World-Wide Volkswagen*, 444 U.S. at 298 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); see *Russell*, 2013 IL 113909, ¶ 67 (recognizing the continued validity of *World-Wide Volkswagen*). As a matter of due process, "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." (Emphasis in original.) *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 475). Furthermore, the "analysis looks to the defendant's contacts with the forum State *itself*, not the defendant's contacts with persons who reside there."

(Emphasis added.) *Id.* at 285 (citing *International Shoe*, 326 U.S. at 319). "[I]n all cases of specific personal jurisdiction, ' "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." ' " *Russell*, 2013 IL 113909, ¶ 81 (quoting *Burger King*, 471 U.S. at 475, quoting *Hanson*, 357 U.S. at 253).

¶ 23    These principles resolve the present case. According to Han's declaration, Samsung does not do business in Illinois and sells its 18650 cells only to sophisticated business entities that install those cells in battery packs and Samsung-authorized devices for retail purchase. See *Rios*, 2020 IL 125020, ¶ 25 (finding that Illinois courts lacked personal jurisdiction over the defendant when the plaintiff made no Illinois-specific allegations). Plaintiff failed to respond with any evidence satisfying the essential requirement that Samsung *itself* took some act to "benefit[ ] from Illinois' system of laws, infrastructure, and business climate." *Russell*, 2013 IL 113909, ¶ 81; see *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 504 (9th Cir. 2023) (explaining that the presence of 18650 cells in consumer products and for sale on a third-party website did not constitute purposeful availment, even though the defendant's unrelated business activities did constitute purposeful availment). Although plaintiff identifies a number of third parties whose unauthorized, unilateral acts may have invoked the benefits and protections of the laws of Illinois, "a defendant's relationship with a *** third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286. Under the stream-of-commerce theory, a seller's amenability to suit does not travel with its products, even when those products are highly mobile. *World-Wide Volkswagen*, 444 U.S. at 296 & n.11.

¶ 24    Because plaintiff failed to show that Samsung has ever "taken any act to 'form[ ] a contact' of [its] own" with Illinois, we need not address the relatedness prong of the minimum

contacts test. *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351, 371 (2021) (quoting *Walden*, 571 U.S. at 290). Similarly, we need not address whether the exercise of personal jurisdiction over Samsung would be reasonable; due process may limit the power of Illinois courts to adjudicate a controversy, "[e]ven if the defendant would suffer minimal or no inconvenience from being forced to litigate," and "even if [Illinois] has a strong interest in applying its law to the controversy." *World-Wide Volkswagen*, 444 U.S. at 294.

¶ 25                          C. Jurisdictional Discovery

¶ 26        Plaintiff asks us not to reverse the trial court's decision outright but to allow for jurisdictional discovery pursuant to Illinois Supreme Court Rule 201(*l*) (eff. Mar. 17, 2023), so that he may obtain evidence to properly rebut several purported deficiencies in Han's declaration. We recognize that Han's declaration, which constitutes the entirety of Samsung's evidence, appears very carefully worded to avoid a finding of specific personal jurisdiction. We are also well aware that Samsung is a household name; plaintiff may easily be able to obtain evidence of "purposeful availment based on [Samsung's] activities in [Illinois] that ha[ve] no connection whatsoever to [18650] batteries." *Kothawala*, 2023 IL App (1st) 210972, ¶ 32 (citing *Straight v. LG Chem, Ltd.*, 640 F. Supp. 3d 795, 801-02 (S.D. Ohio 2022)). Indeed, plaintiff needs only to supply evidence showing " 'a single sufficiently deliberate contact' " with Illinois. *Id.* ¶ 28 (quoting *Yamashita*, 62 F.4th at 504).

¶ 27        Despite having this low burden, however, plaintiff failed to exercise his right to initiate jurisdictional discovery while Samsung's motion was pending with the trial court, a right that his counsel acknowledged at oral argument. See *In re Marriage of Falstad*, 152 Ill. App. 3d 648, 655 (1987) ("[W]here a special and limited appearance has been entered for the purpose of contesting the circuit court's personal jurisdiction over defendant, and where plaintiff requests

discovery on the issues raised in that appearance, the trial court, pursuant to the provisions of Supreme Court Rule 201(*l*), must allow that inquiry."). Because plaintiff was willing to accept a favorable result on the existing record, we decline to remand so he can expand the record in an attempt to avoid an unfavorable result. See *In re Marriage of Benz*, 165 Ill. App. 3d 273, 285 (1988) ("Parties should not be allowed to benefit on review from a failure to introduce evidence at the trial level.").

¶ 28                                    III. CONCLUSION

¶ 29        For the reasons stated, we reverse the trial court's judgment and remand with directions to dismiss plaintiff's claims against Samsung for lack of personal jurisdiction. We express no opinion as to plaintiff's claims against Tribble Vapors.

¶ 30        Reversed and remanded with directions.

***Wood v. Samsung SDI Co.*, 2024 IL App (4th) 230994**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 23-LA-21; the Hon. Robin L. Schmidt, Judge, presiding. |
| **Attorneys for Appellant:** | Matthew S. Dowling, of Hawkins Parnell & Young, LLP, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Mark D. Prince, of Prince Law Firm, of Marion, for appellee. |