Argued and submitted May 19, reversed and remanded in part, affirmed in part
September 3, 1986

BACHMAN et al,
*Appellants,*

*v.*

MEDICAL ENGINEERING CORPORATION et al,
*Respondents.*

(A8503-01666; A36864)

724 P2d 858

Michael L. Williams, Eugene, argued the cause for appellants. With him on the briefs were Johnson, Quinn, Clifton & Williams, P.C., Eugene, and McClaskey, Greig & Troutwine, Portland.

Peter R. Chamberlain, Portland, argued the cause for respondent Medical Engineering Corporation. With him on the brief was Bodyfelt, Mount, Stroup & Chamberlain, Portland.

Emil R. Berg, Portland, argued the cause for respondent Southwest Washington Hospitals. With him on the brief was Hallmark, Griffith & Keating, P.C., Portland.

Vicki H. Yates, Portland, argued the cause for respondent Stephen Kennedy, M.D. With her on the brief was Landis, Bailey & Mercer, P.C., Portland.

Mildred J. Carmack, Portland, argued the cause for respondent Christopher Bice, M.D. With her on the brief were Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Michael D. Hoffman, Portland, and Lory J. Lybeck, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a medical malpractice and product liability case. Plaintiffs are husband and wife. They appeal a trial court judgment dismissing their complaint on the ground that the court did not have personal jurisdiction over defendants.[1] We reverse as to defendant Medical Engineering Corporation (MEC) and affirm as to the other defendants.

In 1983, plaintiffs were Washington state residents. Defendant Bice was plaintiff Robyn Bachman's physician. She consulted him about lumps in her breasts. He diagnosed fibrocystic dysplesia, a non-malignant condition, and recommended that she have her subcutaneous breast tissue removed and replaced with an implant. He referred her to defendant Kennedy, a plastic surgeon, for the operation. Kennedy agreed with Bice's recommendation, and he performed the operation at a hospital owned by defendant Southwest Washington Hospitals, Inc. He used implants manufactured by defendant MEC. The surgery was not fully successful, and Kennedy later replaced the left breast implant in a second surgery. Later, another physician removed both implants.

After the second operation, plaintiffs moved to Oregon and filed this action. They alleged that Bice and Kennedy were negligent in various respects relating to the diagnosis and treatment of Robyn's condition, that Kennedy had performed the surgery negligently and that Southwest Washington Hospitals was negligent in related ways. They also asserted product liability claims against MEC based on negligence, strict liability, breach of warranty and fraud.[2] All of the alleged actions by defendants took place outside of Oregon at a time when plaintiffs were residents of Washington; the only possibly relevant events after plaintiff moved to this state were that Robyn continued to experience pain and other difficulties and that the implants were removed.

In order to show personal jurisdiction over out-of-

---

[1] Defendants Veronica Story, Jane or John Doe and Businesses X, Y & Z are not parties to this appeal. Plaintiffs dismissed their claim against Story without prejudice; the remaining defendants are fictitious persons whom plaintiffs have never served. In this opinion, "defendants" refers only to those defendants who are involved in this appeal. The judgment is final. ORCP 67B.

[2] Plaintiff Paul Bachman's claims are for loss of consortium resulting from the alleged negligent treatment of his wife.

state defendants who were not served in Oregon, plaintiffs must meet one of the jurisdictional bases listed in ORCP 4. Although ORCP 4L extends jursidiction to the full extent permitted by the state and federal constitutions, the criteria established in the more specific provisions of the rule are the primary considerations. Those criteria are based on circumstances in which the United States Supreme Court has held that jurisdiction exists. Thus, we need not undertake an ORCP 4L analysis if one of the specific provisions applies. *See State ex rel Hydraulic Servocontrols v. Dale,* 294 Or 381, 384-385, 657 P2d 211 (1982). Plaintiffs concede that ORCP 4L is their primary basis for asserting jurisdiction over the hospital and the doctors. They argue that jurisdiction over MEC is proper under ORCP 4A and ORCP 4D.

■ Plaintiffs have not shown any basis for jurisdiction over the defendant doctors and hospital. Although plaintiffs disclaim a "presence" basis for jurisdiction over these defendants, much of their argument concerns actions by defendants which are unrelated to plaintiffs' claims and which thus must be based on an assertion that defendants are present in Oregon. However, such an assertion fails. The most that the evidence shows concerning the hospital is that three percent of its patients are Oregon residents and that it would be happy to have more. The hospital also has several Oregon physicians on its "courtesy staff," which permits the physicians to see a few patients each year. The hospital has a Portland telephone number and a corporate affiliate that operates a clinic in Oregon; it also has advertised in *The Oregonian.* Those contacts do not add up to the "substantial and not isolated activities within this state" which would make the hospital present in Oregon under ORCP 4A(4).

■ The same is true of the physicians. Kennedy sees a few patients who are Oregon residents and goes to the Veterans' Hospital in Portland once every ten weeks for a few hours to supervise surgeons in residency. Bice also has had Oregon residents as patients; he holds an inactive Oregon medical license. In the past, both physicians have had their names listed in the Portland Yellow Pages. Those few contacts do not establish their presence in the state, assuming that ORCP 4A(4) applies to natural persons as well as to

corporations. Plaintiffs' argument about the hospital's supposed aggressive marketing program in Oregon and the benefits that the physicians supposedly receive from that program is not supported by the record.

 Plaintiffs primarily rely on ORCP 4L, which extends jurisdiction to the limits of the Due Process Clause of the Fourteenth Amendment. For Oregon courts to have jurisdiction consistent with due process over defendants who are not present in the state, there must be "affiliating circumstances" between the defendants and the state, and those circumstances must relate to the claims plaintiffs bring. Defendants must, in a substantively related way, have purposefully availed themselves of the privilege of conducting business in Oregon. *Helicopteros Nacionales de Colombia v. Hall,* 466 US 408, 414, 104 S Ct 1868, 80 L Ed 2d 404 (1984); *World-wide Volkswagen Corp. v. Woodson,* 444 US 286, 295, 297, 100 S Ct 559, 62 L Ed 2d 490 (1980); *State ex rel Michelin v. Wells,* 294 Or 296, 301-303, 657 P2d 207 (1982). There is no relationship between Oregon and what the hospital and the physicians did in this case.

Robyn was a Washington resident at all times when defendants treated her. That she worked in Oregon and that the physicians filled out insurance forms which her employer provided does not show any relationship between her claims and this state. After she moved to Oregon, she suffered pain as a result of the alleged malpractice. That does not create Oregon jurisdiction over defendants. A plaintiff can not move from the state of the original injury to another with which the defendants have nothing to do and then require the defendants to defend in that state simply because the plaintiff continues to experience the effects of the injury. Due process does not contemplate such a "portable tort." *See Wright v. Yackley,* 459 F2d 287, 289-290 (9th Cir 1972).

Finally, plaintiffs argue that defendants acted in the Portland-Vancouver metropolitan area and that it is therefore consistent with due process for them to be required to defend in a Multnomah County court. They point out that FRCP 4(f) allows service on certain defendants within 100 miles of the place of trial without regard to the state in which they may reside. Defendants ignore the very different jurisdictional constraints on the state and federal courts. Federal courts are

not constitutionally limited by particular state lines; potentially, they have nationwide jurisdiction. State courts, on the other hand, have power only within their state limits. They must justify every exercise of authority over an out-of-state defendant—even one immediately across the state line—by showing that the defendant has some minimal contacts with the state. As to these defendants, plaintiffs have not shown that. *See Sprow v. Hartford Ins. Co.,* 594 F2d 412, 416 (5th Cir 1979); *Fitzsimmons v Barton,* 589 F2d 330, 333 (7th Cir 1979); *Jacobs v. Flight Extenders, Inc.,* 90 FRD 676, 679 (ED Pa 1981). We turn to jurisdiction over MEC.

■ Plaintiff asserts that the court has jurisdiction over MEC under ORCP 4A and ORCP 4D. We hold that the court had jurisdiction under ORCP 4A. ORCP 4A(4) provides that a defendant is present in this state, and is therefore subject to personal jurisdiction, if the defendant, when the action is commenced, "is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise * * *." That provision codifies the theory that a corporation is present in the state if it engages in continuous and systematic general business contacts. *See Helicopteros Nacionales de Colombia v. Hall, supra,* 466 US at 414-16; *Perkins v. Benguet Mining Co.,* 342 US 437, 72 S Ct 413, 96 L Ed 485 (1952); *See also Restatement (Second) Conflict of Laws,* § 47(2).[3] What business activities will make a corporation present in the state necessarily depends on the facts of each case. In *Perkins,* a Phillipines corporation established a temporary office in Ohio from which it conducted its general business while its properties in the Phillipines were under Japanese occupation. The Supreme Court held that the corporation was present in Ohio. In *Helicopteros Nacionales de Colombia,* the corporation made a substantial purchase in Texas and sent its personnel to the state for training in using the purchased equipment. The Supreme Court held that it was not subject to Texas jurisdiction for claims which were not related to that purchase.

---

[3] *Restatement (Second) Conflict of Laws,* § 47(2) provides:

"A state has power to exercise judicial jurisdiction over a foreign corporation which does business in the state with respect to causes of action that do not arise from the business done in the state if this business is so continuous and substantial as to make it reasonable for the state to exercise such jurisdiction."

When this case was filed, MEC had a full-time sales representative based in Oregon who actively solicited business in Oregon. It sold hundreds of breast implants in Oregon in 1985 and in each of the two preceding years. It also promoted and sold its other product lines. Although those facts do not show the same level of activity as in *Perkins,* they do indicate a general presence in the state, rather than the one-shot activity found in *Helicopteros.*

On similar facts, other state courts have found personal jurisdiction over foreign corporations. In *Laufer v. Ostrow,* 55 NY2d 305, 449 NYS2d 456, 434 NE2d 692 (1982), the plaintiff was a former salesman who worked in New York for a New Jersey corporate sales agency. The plaintiff sued in New York to collect unpaid commissions. The company employed three sales representatives in New York, who were assigned accounts both in that state and throughout the country. They ran clinics for customers and followed up on complaints. The company's president occasionally accompanied sales people on their calls in New York. The court held that the company's activities were purposeful and continuing and that the efforts of the other sales representatives were sufficient in themselves for jurisdiction without considering the plaintiff's actions. Because the company was present in New York, it was irrelevant that some of the plaintiff's claims concerned non-New York sales; the company was subject to jurisdiction without regard to the relationship between New York and the claims. 55 NY2d at 310-314.

In *Labbe v. Nissen Corp.,* 404 A2d 564 (Me 1979), the plaintiff sought to recover damages for injuries that were suffered in England as a result of the failure of defendant's trampoline. The defendant did not have an office in Maine or a sales representative based there. Its sales in the state were only .7 percent of its total sales. The court found it more significant that the defendant sold $80,000 worth of goods a year and actively solicited sales by advertising in magazines distributed in Maine, sending sales literature to potential customers and mailing catalogs to dealers. That was held to constitute purposeful activity in Maine, which justified the state in asserting jurisdiction over the defendant. 404 A2d at 571-572. *See also Ketcham v. Charles R. Lister International, Inc.,* 167 NJ Super 5, 400 A2d 487 (App Div 1979).

MEC has purposefully entered Oregon on a continuing and substantial basis to engage in business activity from which it hopes to make a profit. Its actions are sufficient to subject it to the jurisdiction of the Oregon courts on all claims, wherever they may arise, under ORCP 4A(4) as construed in light of *Helicopteros Nacionales De Colombia v. Hall, supra,* and *Perkins v. Benguet Mining Co., supra.*[4]

Reversed and remanded as to defendant Medical Engineering Corporation; otherwise affirmed.

---

[4] MEC argues that, if we hold that the trial court had jurisdiction, we should nevertheless dismiss the case because Oregon is *forum non conveniens.* We decline to do so.