Magda LUKER, Appellant,

v.

Terri LUKER, Appellee.

No. 9715.

Court of Appeals of Texas,
Texarkana.

July 18, 1989.

Rehearing Denied Aug. 15, 1989.

Thomas M. Stanley, Houston, for appellant.

M. Keith Dollahite, Potter, Guinn, Minton, Roberts & Davis, Tyler, for appellee.

CORNELIUS, Justice.

The question to be decided in this appeal is whether the district court should have exercised *in personam* jurisdiction over Terri Luker, a Louisiana resident, in an action filed against her growing out of an accident which occurred in Louisiana. We find that the court correctly refused jurisdiction.

Magda Luker, a Texas resident, was injured in an automobile accident in Shreveport, Louisiana, while riding in a car driven by her sister-in-law, Terri Luker, a Louisiana resident. Magda brought a damage suit against Terri in Panola County, Texas. Terri filed a special appearance contesting

jurisdiction. The trial court dismissed the action for lack of jurisdiction, and Magda appeals. In four points of error she argues that the Texas court should have entertained the suit because Terri had sufficient contacts and relationships with Texas to make *in personam* jurisdiction of her proper according to the Texas statutes and constitutional requirements of due process. We overrule all points and affirm the judgment.

On the evening before the accident, Terri drove to her parents' home in Carthage, Texas, to spend the night. The following morning she drove Magda to Shreveport for a doctor's appointment, then returned to Carthage that evening. At the time of the accident, she was driving a car she had leased in Louisiana. Although the parties concede that Terri was a resident of Louisiana and had been for five months preceding the accident, she had not obtained a Louisiana driver's license. Her driver's license reflected her former Texas address, and she did not advise the investigating officer that she was a Louisiana resident.

In this appeal Magda maintains that Terri purposely availed herself of the benefits of Texas because she was operating a motor vehicle by authority of a Texas driver's license, and that because she had failed to obtain a Louisiana driver's license within ninety days, as required by Louisiana law, she continued to look to the state of Texas for the protections and privileges afforded her by the use of a Texas driver's license. Magda also alleges that Texas can properly entertain the suit because Terri transported her, a Texas resident, out of the state with intent to return her to her home in Texas.

■ In determining whether Texas can properly subject a nonresident to *in personam* jurisdiction, we apply a three-prong test: (1) the nonresident defendant or foreign corporation must purposely do some act or consummate some transaction in Texas; (2) the cause of action must arise from or be connected with that act or transaction; and (3) the assumption of jurisdiction by Texas must not offend traditional notions of fair play and substantial justice, considering the quality, nature, and extent of the activity in this state, the relative convenience of the parties, the benefits and protection of the laws of Texas afforded the respective parties, and the basic equities of the situation. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *O'Brien v. Lanpar Company*, 399 S.W.2d 340 (Tex.1966); Tex.Civ.Prac. & Rem.Code Ann. § 17.044 (Vernon 1986 & Supp.1989).

■ The first two prongs of the stated test satisfy the requirements established in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985), where it was held that an individual must be given fair warning that a particular activity may subject him to the jurisdiction of a foreign sovereign. The fair warning requires that the nonresident's activities must have been purposely directed to the forum, and the litigation must result from the alleged injuries that arise out of or relate to those activities.

■ The second prong of *International Shoe Co.* was modified in *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Even when a cause of action does not *arise from* a defendant's connections to the forum state, the assumption of jurisdiction does not violate due process if those connections are of a continuous and systematic nature.

■ Once it has been shown that the nonresident purposely availed herself of the benefits and protections of the forum state, the burden shifts to her to negate all other bases of personal jurisdiction. Magda has failed to meet the first prong, i.e., to show that Terri had purposely availed herself of the benefits and protections of Texas. The mere possession of a driver's license issued by the state does not satisfy the requirement of availing oneself of the benefits and protections of Texas. And the fact that a person neglects for several months to obtain a driver's license in her new state of residence and continues to drive under the previous license is not sufficient to constitute such a purposeful act.

■  Moreover, Terri has negated all further bases of personal jurisdiction. The cause of action did not arise out of any act occurring in Texas. There is no evidence of continuing and systematic contacts. Terri once lived in Texas and currently has relatives living in Texas, but she travels to and from the state of Texas only three or four times a year. Although she purchased an automobile and financed it in Texas, such acts are not enough to warrant this state's assertion of *in personam* jurisdiction over a nonresident in a cause of action not relating to the purchase. *See Helicopteros Nacionales de Columbia v. Hall,* supra.

For the reasons stated, we find the Texas court lacked *in personam* jurisdiction over Terri Luker, a nonresident defendant, and affirm the trial court's judgment.