SIXTH DIVISION

December 28, 1998

No. 1-98-0039

CHARLES J. HOEKSTRA, 

Plaintiff-Appellant,

v.

SOUMITRA BOSE AND KRISTI LINKE,

Defendants-Appellees,

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court of Cook County

Honorable 

David R. Donnersberger,

Judge Presiding

JUSTICE QUINN delivered the opinion of the court:

Plaintiff, Charles Hoekstra filed a personal injury action against defendants Soumitra Bose and Kristi Linke seeking damages for injuries plaintiff sustained in two separate automobile accidents with each defendant.  Bose filed a motion to quash service.  The trial court denied the motion.  Bose then filed a motion to reconsider, which the trial court granted.  On appeal, plaintiff contends that: (1) the trial court erred in dismissing the cause for lack of personal jurisdiction pursuant to section 2-

209(c) of the Illinois long-arm statute (735 ILCS 5/2-209(c) (West 1996)) because it is sufficient to permit the exercise of jurisdiction over defendant Bose based upon defendant's possession and use of an Illinois driver's license; (2) the trial court erred in dismissing the cause for lack of personal jurisdiction because the granting of an Illinois driver's license constitutes the transaction of business within the state pursuant to section 2-

209(a)(1) of the Illinois long-arm statute (735 ILCS 5/2-

209(a)(1)(West 1996)); and (3) defendant Bose is estopped from contending that he is not an Illinois resident or that Illinois does not have jurisdiction over him when he failed to comply with section 6-117 of the Illinois Motor Vehicle Code (625 ILCS 5/6-

117(West 1996)), which requires an Illinois licensee to notify the driver's services department of the Secretary of State in writing of a change of address within 10 days.  

For the following reasons, we affirm. 

The facts relevant to this appeal are as follows.  Plaintiff, a resident of Michigan, filed a two-count complaint alleging in count I that on June 25, 1994, he was involved in an automobile accident with Bose in the State of Michigan.  Plaintiff further alleged that Bose failed to exercise reasonable care in the operation of the vehicle.  Plaintiff sought damages in the amount of $50,000.  Service of summons on Bose was made in Irvine, California, where he currently resides.

Following the accident, Bose gave the police an Illinois driver's license which indicated that he resided in Wheeling, Illinois.  A driver's license abstract from the Secretary of State of Illinois indicated that Bose was a licensed driver in the State of Illinois from August 1992 through December 1996.  The car rental agreement, which gave Bose authority to travel in Illinois, Michigan and Indiana, indicates that Bose presented an Illinois driver's license to rent the vehicle and provided a home address and phone number in Long Island, New York, on the car rental application.   

Upon receiving notice of plaintiff's suit, Bose submitted a letter to the circuit court clerk of Cook County, in which he stated that he rented the vehicle from a rental car company in Michigan and that he was fully covered by the rental company's insurance plan and therefore, all claims should be directed to them.  Bose also stated in the letter that he was not living in Wheeling, Illinois, at the time of the accident.  Bose further stated that on the day of the accident, he was traveling to find an apartment near Battle Creek, Michigan, and that he found an apartment there soon after the accident.   

Plaintiff's complaint also alleged that on November 20, 1994, he was travelling southbound on Illinois Route 50, Cicero Avenue, near the intersection of 127th Street in Alsip, Illinois.  Linke was also travelling southbound on Route 50.  Plaintiff was stopped at the intersection of 127th Street when Linke's vehicle collided with plaintiff's.  Plaintiff  alleged that Linke failed to exercise reasonable care in the operation of the motor vehicle.  Plaintiff asked for judgment in the amount of $50,000.  This case is not before us.

Bose filed a motion to quash jurisdiction pursuant to section 2-209 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-209 (West 1996).  Bose argued that Illinois had no connection to the lawsuit and that he had not committed any acts required under section 2-209.  Plaintiff filed a response and argued that Illinois had personal jurisdiction over Bose based upon section 2-209(c) (735 ILCS 5/2-209(c) (West 1996)) of the long-arm statute, which is a catch-all provision, and section 2-209(a) (735 ILCS 5/2-209(a)(1) (West 1996)), which confers personal jurisdiction through the transaction of  business in the state.

The trial court initially denied Bose's motion to quash and found that there were sufficient minimum contacts with Illinois, citing 
Ores v. Kennedy
, 218 Ill. App. 3d 866, 578 N.E.2d 1139 (1991).  Bose filed a motion to reconsider and argued that the mere possession of an Illinois driver's license on the date of the accident was not tantamount to the requisite minimum contacts necessary to subject him to personal jurisdiction in Illinois.  The trial court granted defendant's motion to reconsider, specifically finding that it did not have jurisdiction over Bose and dismissed plaintiff's complaint.  Plaintiff's timely appeal followed.

Plaintiff contends that personal jurisdiction over Bose is predicated upon sections 2-209(a)(1) and (c) of the Illinois long-

arm statute, which provide:

"(a) Any person, whether or not a citizen or

resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this State.

                              *** 

(c) A court may also exercise jurisdiction on

any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."  735 ILCS 2-209(a)(1), (c) (West 1996).

A plaintiff has the burden of establishing a valid basis for jurisdiction over a nonresident defendant.  
G.M. Signs, Inc. v. Kirn Signs, Inc.
, 231 Ill. App. 3d 339, 341, 594 N.E. 2d 212 (1992).  The assertion of personal jurisdiction over a nonresident defendant must satisfy the requirements of due process as well as those of the long-arm statute.  
Excel Energy Co v. Pittman
, 239 Ill. App. 3d 160, 163, 606 N.E. 2d 637 (1993).  In considering a challenge to personal jurisdiction, conflicts between a defendant's affidavits and the plaintiff will be resolved in favor of the plaintiff for purposes of determining whether a 
prima
 
facie
 case for 
in
 
personam
 jurisdiction has been made.  
International Business Machine Corp. v. Martin Property & Casualty Insurance Agency, Inc.
, 281 Ill. App. 3d 854, 858, 666 N.E.2d 866 (1996)(herafter IBM).  Since the trial court did not hold an evidentiary hearing on Bose's motion attacking its jurisdiction, our review of the issue is 
de
 
novo
.  
TCA International, Inc. v. B&B Custom Auto, Inc.
, 299 Ill. App. 3d 522, 531, 701 N.E.2d 105, 112 (1998).   For the purposes of this appeal, we need not determine whether Bose's activities meet the requirements of the long-arm statute.  Even assuming 
arguendo
 that Bose's activities did satisfy the requirements of the long-arm statute's provisions, the fact that jurisdiction may be predicated under the statute does not necessarily mean that jurisdiction over defendant is proper.  The exercise of jurisdiction must comport with the principles of due process.  
IBM
, 281 Ill. App. 3d at 858.  In this case, we find that it does not. 

Due process requires that a nonresident defendant have  "certain minimum contacts with [the forum state] such that the  maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  
International Shoe Co. v. Washington
, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945), quoting 
Milliken v. Meyer
, 311 U.S. 457, 463, 85 L. Ed. 278, 283, 61 S. Ct. 339, 343 (1940).   The following three criteria must be considered in determining whether sufficient minimum contacts have been established: (1) whether the nonresident had "minimum contact" with the forum state such that he had "fair warning" that he may be hailed into a forum state court to defend himself; (2) whether the action arose out of or related to the defendant's contacts with the forum; and (3) whether it is reasonable to require the defendant to litigate in the forum state. 
Ores v. Kennedy
, 218 Ill. App. 3d 866, 872, 578 N.E.2d 1139 (1991). None of the above criteria have been satisfied in the case at bar.  The minimum contacts and fair warning requirements are satisfied if the defendant either "purposefully directed" his activities at Illinois residents, reached out beyond one state to create continuing relationships and obligations with citizens of another state; or purposefully derived benefit from his interstate activities.  
Ores
, 218 Ill. App. 3d at 872.  In this case, the possession of an Illinois driver's license does not constitute a purposeful direction of activity toward Illinois residents.  Bose rented the car in Michigan, travelled in Michigan only and was involved in an accident with plaintiff in the State of Michigan.  Furthermore, although Bose's driver's license indicates a Wheeling Illinois, address, he indicated in his affidavit that he had not been a resident of Illinois since 1992.  We hold that the mere possession of an Illinois driver's license indicating an Illinois address while actually living in another state is a fact that is too attenuated to hail Bose into court here.   

In considering whether the cause of action arose out of contacts with the forum state, the only connection to Illinois is Bose's possession of an Illinois driver's license indicating an Illinois address.  Plaintiff's personal injury action did not arise from the transaction of any business or any conduct on the part of Bose within Illinois, but arose from Bose's alleged negligent driving in the State of Michigan.  

In determining whether it is reasonable to require Bose to litigate in Illinois, the court must consider "the forum State's interests in resolving the dispute, the plaintiff's interest in obtaining relief, and the interests of the several States, including the forum State, in the efficient judicial resolution of the dispute and the advancement of substantive social policies."  
Wiles v. Morita Iron Works Co.
, 125 Ill. 2d 144, 152 (1988), citing 
Asahi Metal Industry Co. v. Superior Court
, 480 U.S. 102, 113, 94 L. Ed. 2d 92, 105, 107 S. Ct. 1026, 1033 (1987).  

In the instant case, it would not be fair to require Bose to litigate this case in Illinois.  Illinois does not have a substantial interest in resolving this case that could not be addressed by the Michigan courts. 

Accordingly, we hold that it would be inconsistent with due process to require Bose to litigate this case in Illinois.  Bose's possession of an Illinois driver's license is not sufficient contact to reach the minimum standard necessary for this State to exercise 
in
 
personam
 jurisdiction over him.  

Plaintiff's remaining contention, that the fact that the Illinois Secretary of State maintains the defendant's driving record constitutes the transaction of business within the state also must fail.  This part of the long-arm statute focuses on business transacted by the defendant.  Here,  Bose did not conduct any business in Illinois. 

Accordingly, the judgment of the circuit court of Cook County is affirmed. 

Affirmed.

BUCKLEY and ZWICK, JJ., concur.