DeVORE, J.
*826 Plaintiff appeals a judgment dismissing her complaint with prejudice for lack of personal jurisdiction over defendant. Plaintiff raises two assignments of error. First, plaintiff argues that Oregon courts have personal jurisdiction over defendant, a resident and citizen of the United Kingdom (UK), for a negligence action arising out of a motor vehicle accident that occurred in Vancouver, Washington, because defendant had an active Oregon driver's license. Next, plaintiff argues that the court erred in dismissing her case with prejudice. We affirm the dismissal for lack of personal jurisdiction but reverse and remand for entry of a judgment of dismissal without prejudice.
I. PROCEEDINGS
The issue in this case was presented on the pleadings, affidavits, declarations, and other evidence as permitted by ORCP 21 A.[1] Plaintiff bears the burden of alleging and proving the facts necessary to establish jurisdiction.
*917 Sutherland v. Brennan , 131 Or. App. 25, 28, 883 P.2d 1318 (1994), aff'd on other grounds , 321 Or. 520, 901 P.2d 240 (1995). When, as in this case, a trial court has found the jurisdictional facts after taking evidence, we review the trial court's factual findings to determine whether they are supported by "any competent evidence." O'Neil v. Martin , 258 Or. App. 819, 828, 312 P.3d 538 (2013), rev. den. , 355 Or. 381, 328 P.3d 697 (2014), abrogated on other grounds , 358 Or. 383, 365 P.3d 99 (2015) ; Sutherland , 131 Or. App. at 28, 883 P.2d 1318. Where the trial court made no express findings, we assume that the court found facts consistent with its judgment and likewise review to determine whether they are supported by "any competent evidence." Id .; Management Recruiters v. Harold Moore & Assoc. , 118 Or. App. 614, 616, 848 P.2d 644, rev. den. , 317 Or. 162, 856 P.2d 317 (1993).
*827 Ultimately, we review the court's legal conclusion for errors of law. O'Neil , 258 Or. App. at 828, 312 P.3d 538 ; Sutherland , 131 Or. App. at 28, 883 P.2d 1318.
We recount the facts consistently with that standard. Defendant, a citizen of the United Kingdom, was an Oregon resident from about 2011 until May 2015. During his residency in Oregon, he acquired an Oregon driver's license. About May 6, 2015, defendant terminated the rental agreement for his residence and moved from Oregon back to the UK with the intent to remain there permanently. Defendant kept his Oregon driver's license, despite his permanent move to the UK, to use on future trips to the United States. He also had a UK license, permitting him to drive there, but he believed an Oregon license might allow him to rent a car more cheaply. At some point after his move to the UK, defendant changed the address listed with the Oregon DMV to a different Oregon address.
In July 2015, defendant went to Washington for a short business trip. He used his Oregon driver's license to rent a car in Washington.[2] On July 19, 2015, plaintiff and defendant were involved in a car accident in Vancouver, Washington. At the time of the accident, about 10 weeks after moving, defendant was a resident of the UK and not a resident of Oregon, nor domiciled in Oregon.[3] At the scene of the accident, defendant showed the Washington state police officer his passport, his Oregon driver's license, and provided his UK address. At that time, an Oregon address was listed on defendant's Oregon driver's license.
On September 28, 2016, plaintiff filed suit against defendant in Multnomah County Circuit Court, alleging negligence claims. Plaintiff alleged that defendant was negligent in driving at an excessive speed, failing to stop for a red light, failing to keep a proper lookout, and failing to keep his car under control. At the time plaintiff commenced *828 the suit, defendant was still a resident of the UK and had been living in the UK for about 16 months. In January 2017, defendant changed the address on his Oregon license to his UK address. Defendant was not personally served with a summons and complaint in Oregon.
Defendant filed a motion to dismiss plaintiff's complaint pursuant to ORCP 21 A(2), asserting that the trial court lacked personal jurisdiction over him. The trial court agreed with defendant and granted defendant's motion. The court's judgment dismissed the case with prejudice.
On appeal, plaintiff argues that the court erred in dismissing for lack of personal jurisdiction and in dismissing the case with prejudice. Plaintiff argues that Oregon courts have personal jurisdiction over defendant because defendant had an active Oregon driver's license that he maintained despite his change of residency to the UK and because defendant was "driving under the authority of that license when he caused a car collision in Vancouver, Washington." Plaintiff claims that *918 "[f]air play and substantial justice support that a defendant who avails himself of the rights and privileges granted by having an Oregon driver license is subject to Oregon's jurisdiction for wrongful acts while using that license." Defendant disagrees, arguing that plaintiff failed to establish that Oregon courts have personal jurisdiction over him, a nonresident, because plaintiff neither demonstrated that ORCP 4, Oregon's long-arm statute, was satisfied nor that defendant had minimum contacts with Oregon to satisfy due process under the federal constitution.
As framed by the parties, the question in this case is whether a nonresident defendant, who has maintained an Oregon driver's license, may be haled into Oregon courts for a negligence action arising out of a car accident that occurred in another state.
II. PERSONAL JURISDICTION
A. General Personal Jurisdiction
Personal jurisdiction is examined as either a question of general personal jurisdiction or specific personal jurisdiction. Not long ago, the United States Supreme Court *829 emphasized that general and specific personal jurisdiction are not the same. In a case that happened to involve corporations, the court stressed:
"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State. Specific jurisdiction, on the other hand, depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation. In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."
Goodyear Dunlop Tires Operations, S.A., v. Brown , 564 U.S. 915, 919, 131 S.Ct. 2846, 180 L.Ed.2d 796 (2011) (internal citations and quotation marks omitted). We will return to the distinction between general and specific jurisdiction when we address the dissenting opinion in this case.
Our jurisdictional inquiry begins with a determination whether any of the provisions described in of ORCP 4 apply. Initially, plaintiff argues that ORCP 4 A supports jurisdiction over defendant. That rule provides:
"A court of this state having jurisdiction of the subject matter has jurisdiction over a party served in an action *** under any of the following circumstances:
"A. In any action, whether arising within or without this state, against a defendant who when the action is commenced:
"A(1) Is a natural person present within this state when served; or
"A(2) Is a natural person domiciled within this state; or
"A(3) Is a corporation created by or under the laws of this state; or
"A(4) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise; or *830 "A(5) Has expressly consented to the exercise of personal jurisdiction over such defendant."
ORCP 4 A. Plaintiff contends that defendant's maintenance of his Oregon driver's license, including changing the address on his license to a Portland address, constitutes "substantial and not isolated activities within" Oregon under ORCP 4 A(4).[4]
Oregon courts have recognized that ORCP 4 A provides for "general" personal jurisdiction. See, e.g. , *919 Swank v. Terex Utilities, Inc. , 274 Or. App. 47, 49-50, 360 P.3d 586 (2015), rev. den. , 358 Or. 551, 368 P.3d 26 (2016) (stating that ORCP 4 A provides for "general" jurisdiction). If ORCP 4 A(4) applies-if defendant has "substantial and not isolated contacts" with Oregon "when the action commenced"-then general jurisdiction exists regardless of where the accident occurred. Our case law indicates that ORCP 4 A(4) does not apply.
In State ex rel Circus Circus Reno, Inc. v. Pope, 317 Or 151, 854 P2d 461 (1993) , the Oregon Supreme Court considered whether Oregon courts had general jurisdiction under ORCP 4 A(4) over a nonresident defendant for injuries plaintiff sustained in Reno, Nevada. The defendant owned and operated a hotel in Reno. The plaintiff, an Oregon resident, was injured in Reno when he was hit by a liquor bottle thrown by an unknown person from a window of defendant's hotel. The plaintiff brought an action for negligence against defendant in Oregon state court, and the defendant moved to dismiss for lack of personal jurisdiction. The Oregon Supreme Court observed:
"It is undisputed by the parties that [the defendant] is not registered to do business in Oregon, pays no business tax here, and has no bank accounts, offices, real estate, employees, or exclusive agents in the state. [The plaintiff] argues, however, that the activities of [the defendant] in Oregon *831 nevertheless are 'substantial,' because [the defendant] 'regularly' advertises its Reno hotel in The Oregonian , because it distributed brochures describing that hotel to [the plaintiff's] Oregon travel agent, because it maintains a toll-free number for the use of Oregon residents, and because, after [the plaintiff] reserved a room at its Reno hotel, [the defendant] called [the plaintiff] at his Oregon residence to confirm the reservation.
"We are not persuaded that those activities are 'substantial and not isolated activities within this state.' ORCP 4 A(4). See Merrill, supra , at 9 (citing Helicopteros Nacionales de Colombia v. Hall, supra , for examples of activities that were insufficient to support an exercise of general jurisdiction, including the defendant's negotiation of a contract and purchase of goods in the forum state, its sending personnel to be trained there, and its receipt of payments in checks drawn there)."
Id. at 154-55, 854 P.2d 461. The Supreme Court concluded that the defendant was not subject to general personal jurisdiction in the Oregon courts under ORCP 4 A(4).
In Bachman v. Medical Engineering Corp. , 81 Or. App. 85, 724 P.2d 858 (1986), we considered whether Oregon courts had general personal jurisdiction under ORCP 4 A(4) over the defendant, a Washington hospital, for a medical malpractice action. All of the actions by the defendant took place outside of Oregon at a time when the plaintiffs were Washington residents. Id. at 87, 724 P.2d 858. The evidence showed that three percent of the defendant's patients were Oregon residents and that the defendant "would be happy to have more" Oregon patients, the defendant had several Oregon physicians on its "courtesy staff," the defendant had a Portland telephone number, the defendant had a corporate affiliate with a clinic in Oregon, and the defendant hospital advertised in The Oregonian . Id . Nevertheless, we concluded that "[t]hose contacts do not add up to the 'substantial and not isolated activities within this state' which would make the hospital present in Oregon under ORCP 4 A(4)." Id . at 88, 724 P.2d 858.
Finally, in Sutherland , 131 Or. App. 25, 883 P.2d 1318, we concluded that the plaintiff failed to establish that Oregon courts had general personal jurisdiction over the nonresident defendant, who owned several properties in Oregon. We observed *832 that "it is well established that the bare fact of real estate holdings, without more, cannot serve as the basis for establishing personal jurisdiction in an action that neither arises out of, nor relates to, defendant's property ownership." Id. at 30, 883 P.2d 1318.
Similarly, here, we conclude that defendant's maintenance of his Oregon driver's license, without more in this record, does not amount to "substantial and not isolated activities within this state," which would make defendant "present" or "at home" in Oregon under ORCP 4 A(4). At the time the suit was commenced, defendant had been a resident *920 of the UK for 16 months, and he had spent only three days in Portland, visiting friends, since the July 2015 accident.[5] Although defendant changed his address to a different Oregon address after his move to the UK in May 2015, that fact is not sufficient to constitute "substantial and not isolated activities within" Oregon. Distilled to its core, this is a case in which a car accident occurred in Washington between an Oregon driver and a foreign driver, who had maintained an Oregon license obtained during his prior residency in the state. In light of precedent, those facts are not enough to establish general personal jurisdiction over defendant in Oregon.[6]
Although the particular question posed by this case appears to be a matter of first impression in Oregon, other states have reached the same conclusion. See, e.g. , Luker v. Luker , 776 S.W.2d 624 (1989) (Texas did not have personal jurisdiction over a nonresident defendant who maintained a Texas driver's license after moving to Louisiana, in violation of Louisiana law, in a personal injury suit arising from a motor vehicle accident that occurred in Louisiana, because *833 the "mere possession of a driver's license issued by [Texas] does not satisfy the requirement of availing oneself to the benefits and protections of Texas"); Hoekstra v. Bose , 302 Ill.App.3d 704, 236 Ill.Dec. 340, 707 N.E.2d 185 (1998) (nonresident defendant's possession of Illinois driver's license was insufficient to justify personal jurisdiction over defendant in personal injury action arising out of motor vehicle accident that occurred in Michigan, because "the mere possession of an Illinois driver's license indicating an Illinois address while actually living in another state is a fact too attenuated to hale [the defendant] into court [in Illinois]"); Lucini v. Mayhew , 113 R.I. 641, 324 A.2d 663 (1974) (Rhode Island does not have general personal jurisdiction over a nonresident defendant who merely held a Rhode Island driver's license at the time of the Massachusetts car accident); Johnson v. Ward , 4 N.Y.3d 516, 829 N.E.2d 1201, 797 N.Y.S.2d 33 (2005) (New York courts did not have personal jurisdiction over nonresident defendant, who possessed a New York driver's license and vehicle registration at the time of the accident, in a personal injury action arising out of a motor vehicle accident that occurred out of state). Courts around the country agree that mere possession of a driver's license from a particular state does not confer general personal jurisdiction over a nonresident defendant for a negligence or personal injury action arising from a motor vehicle accident that occurred out of state.
B. Specific Personal Jurisdiction
Alternatively, plaintiff contends that, if general personal jurisdiction fails, specific personal jurisdiction is proper. Plaintiff argues that "specific jurisdiction is evident in that defendant's wrongful act-his negligent driving that injured plaintiff-was in furtherance of his holding an Oregon license as an officially-declared resident of Oregon." Despite the appeal that argument may have, we disagree. Specific personal jurisdiction requires more.
Oregon's long-arm statute, ORCP 4 B through ORCP 4 L, provides for "specific" personal jurisdiction. Swank , 274 Or. App. at 49-50, 360 P.3d 586. Plaintiff does not articulate in her brief which particular subsection of ORCP 4 confers specific personal jurisdiction over defendant, but we understand her to argue that ORCP 4 L is satisfied here. ORCP 4 L, the *834 so-called catchall provision, confers specific personal jurisdiction to the extent permitted by due process:
*921 "(L) Notwithstanding a failure to satisfy the requirement of sections B through K of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."
The extent that due process permits specific personal jurisdiction is described in judicial decisions.
The Oregon Supreme Court has observed, "Because Oregon does not have a due process clause in its constitution that would impose a state constitutional limit on jurisdiction, [Oregon courts] are guided by decisions of the Supreme Court of the United States that address the constitutionality of an invocation of jurisdiction under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Robinson v. Harley-Davidson Motor Co. , 354 Or. 572, 577, 316 P.3d 287 (2013). Those decisions have long established that due process is satisfied when "minimum contacts" exist between the nonresident defendant and the forum state such that the suit in the forum state would not "offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson , 444 U.S. 286, 291-92, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (internal quotation marks omitted).
The Oregon Supreme Court recently reviewed decisions of the United States Supreme Court on specific personal jurisdiction. The Oregon Supreme Court recognized that specific jurisdiction over a nonresident defendant "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." Robinson , 354 Or. at 579, 316 P.3d 287 (internal quotation marks and brackets omitted) (citing Goodyear Dunlop Tires Operations, S.A., 564 U.S. at 919, 131 S.Ct. 2846 ). At bottom, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (internal quotation marks omitted).
*835 To determine whether specific jurisdiction exists over a nonresident defendant, courts engage in three inquiries. First, the defendant must have "purposefully directed its activities at this state." Id . at 594, 316 P.3d 287. Second, the "litigation must arise out of or relate to at least one of those activities." Id . (internal quotation marks omitted) (citing Helicopteros Nacionales de Colombia, S.A., v. Hall , 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ). To satisfy that standard, the particular activity must be a but-for cause of the litigation and must be the sort of activity that makes being sued in the forum state reasonably foreseeable to the defendant. Id . Third, jurisdiction in the forum state must comport with "fair play and substantial justice." Id .
In Robinson , the court faced a question of specific personal jurisdiction. The plaintiff, an Oregon resident, was injured in a motorcycle accident in Wyoming after the Idaho defendant, a motorcycle dealership, allegedly performed faulty repairs in Idaho. The plaintiff brought her claim in Oregon. The defendant had a website that could be accessed by Oregon residents. Oregonians purchased about $ 60,000 in parts, services, and rentals per year, although nearly all those transactions occurred in Idaho. The court reasoned that it did not need to decide whether, but for the defendant's website advertising, the plaintiff would not have had her motorcycle repaired at the Idaho dealership. That was because, whether or not there was but-for causation, the "defendant's contacts in Oregon were [not] such that it was reasonably foreseeable that defendant would be sued in Oregon for repairs it undertook in Idaho." Id. at 595, 316 P.3d 287.
Likewise, here, we need not decide whether, "but for" defendant's Oregon driver's license, defendant might not have driven negligently in Washington. We need not consider his UK license, and we need not debate whether an Oregon license played any causal role in the accident. It is sufficient to determine that defendant's limited contacts in Oregon were not such that it was reasonably foreseeable that defendant would be sued in Oregon for negligent driving in another state. Plaintiff's injury occurred in Washington *922 as a result of defendant's alleged negligence in driving that occurred in Washington, not from negligence in his application for, or the issuance of, an Oregon driver's *836 license. Defendant rented the car involved in the accident in Washington. The injury did not arise out of any act occurring in Oregon. Although defendant had once lived in Oregon and kept an Oregon license, he had returned home to live in the UK. At the critical time that this action was commenced, he had been living in the UK for 16 months. At that time, defendant's contacts with Oregon, other than a driver's license, had ended.
Like the court in Robinson , we conclude that defendant's contacts in Oregon did not make it reasonably foreseeable that he would be sued in Oregon for driving in another state, after renting the car in another state, merely because he used an Oregon license for the rental. See id. at 596, 316 P.3d 287 ("[P]laintiff's claims did not arise out of or relate to defendant's activities in Oregon in a manner that allows our courts to exercise specific jurisdiction over defendant under ORCP 4 L."). Specific personal jurisdiction fails because the litigation does not "arise out of or relate to" defendant's activities in Oregon. Accordingly, we hold that the trial court did not err in granting defendant's motion to dismiss for lack of personal jurisdiction.[7]
C. The Dissent
The dissent reaches a different conclusion in this case-a case worthy of a classroom in which to examine concepts of personal jurisdiction. The dissent acknowledges general personal jurisdiction in ORCP 4A(1) through (5) and specific personal jurisdiction in ORCP 4 B through ORCP 4 L, then declares, "In reality, the catchall provision of ORCP 4 L swallows all specific jurisdiction subsections, rendering provisions 4 B through K mere illustration." 297 Or. App. at 842, 445 P.3d at 925 (James, J., dissenting). Speaking in terms employed with specific personal jurisdiction under ORCP 4 L, *837 the dissent recites that the exercise of jurisdiction over a "nonresident defendant" is permitted when that nonresident purposefully directs his activities at residents of the forum state and where the litigation arises out of or relates to those activities. 297 Or. App. at 843, 846-47 (James, J., dissenting). Speaking in terms employed with general personal jurisdiction under ORCP 4 A(5), the dissent concludes that defendant "was an Oregonian," had substantial contacts with Oregon, and had not "sufficiently disentangled" himself from Oregon at the time of the accident "six weeks" after moving away.[8] 297 Or. App. at 841, 844, 847 (James, J., dissenting).
Rather than view jurisdictional issues as, more or less, a single question, we have reached our conclusion due to the fundamental distinction between general and specific personal jurisdiction. In Goodyear Dunlop Tires , 564 U.S. at 919-28, 131 S.Ct. 2846, the United States Supreme Court criticized the North Carolina Court of Appeals for failing to maintain the distinctions between general and specific personal jurisdiction. There, two boys from North Carolina were killed in a bus accident near Paris when tires manufactured by one of several Goodyear foreign subsidiaries were alleged to have failed. The North Carolina court determined it had personal jurisdiction over the foreign subsidiaries. Because other businesses had imported some of the subsidiaries' tires into the state, the North Carolina court concluded that a "stream-of-commerce" analysis, a concept borrowed from specific personal jurisdiction, allowed general personal jurisdiction.
The Supreme Court determined that the state court was "[c]onfusing or blending general *923 and specific jurisdictional inquiries." Id. at 919, 131 S.Ct. 2846. "The North Carolina court's stream-of-commerce analysis elided the essential difference between case-specific and all-purpose (general) jurisdiction." Id . at 927, 131 S.Ct. 2846. The flow of products may well be related to specific personal jurisdiction. Id.
"But ties serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum has general jurisdiction."
*838 Id. (emphasis in original). Once conceptual strands of specific and general jurisdiction were separated, the Supreme Court rejected the jurisdictional claims. Because the accident did not arise out of the North Carolina contacts, there was no specific personal jurisdiction, and because the foreign subsidiaries were not domiciled in North Carolina, there was no general personal jurisdiction. Id . at 919-28, 131 S.Ct. 2846.
After referring to considerations of both specific and general jurisdiction, the dissent posits that defendant did not lose his presence in Oregon when he left Oregon; a lingering incorporeal presence remained at least for some indeterminate period of time. Once a resident, the dissent concludes, defendant retained those substantial connections, "six weeks" later when the accident occurred in Washington State. 297 Or. App. at 846-47, 445 P.3d at 927-28 (James, J., dissenting). The dissent allows that there is no Oregon precedent for reliance on past connections, id . at 844-45, 445 P.3d at 926-27, and the dissent cites a pair out-of-state cases finding jurisdiction in odd circumstances. See, e.g. , Beasley v. Beasley , 260 Ga. 419, 396 S.E.2d 222 (1990) (Georgia wife's suit for support against husband who had lived, married, and divorced in Georgia, who remained a U.S. citizen with no other state, but resided in Saudi Arabia, where court exercised special personal jurisdiction); Greehoed v. Hensen , 277 Md. 220, 352 A.2d 818 (1976) (Maryland husband's action against wife's paramour, who had later moved out of state, for criminal conversation causing injury to Maryland marriage from sexual relations in Canada). Finding "substantial" connections, the dissent intimates that the court has general personal jurisdiction.[9] 297 Or. App. at 847 (James, J., dissenting) (" contacts remained substantial"); see ORCP 4 A(4) (general personal jurisdiction through substantial contacts). Finding the accident in Washington State arose from defendant's contacts in Oregon, the dissent intimates that the court has specific personal jurisdiction. 297 Or. App. at 846-47 (James, J., dissenting).
We have reached our conclusion based on the standard enunciated by ORCP 4 A(5). That standard asks *839 whether, "when the action is commenced ," a defendant "[i]s engaged in substantial and not isolated activities within this state." (Emphasis added.) Much to the same effect, ORCP 4 A(2) asks whether, "when the action is commenced ," a person is "domiciled within this state." The trial court found that defendant was no longer a resident of this state. Defendant's only connection to Oregon was a driver's license with an address at which he no longer lived. By its terms, ORCP 4 A poses its test of general personal jurisdiction in the present tense, not in the past tense. The rule asks whether defendant has substantial contacts at the time the lawsuit is commenced. Consequently, the required frame of reference is not the 10 weeks between defendant's departure from Oregon and the Washington accident. The frame of reference is defendant's Oregon connection at the time of the lawsuit. The action was commenced 16 months after defendant's Oregon residency had ended. After more than a year, no cognizable shadow of defendant's presence remained in Oregon.
III. DISPOSITION
Our conclusions on personal jurisdiction leave unresolved the second issue of whether the court erred in dismissing plaintiff's case with prejudice. Plaintiff contends that, because the case was dismissed for lack of jurisdiction, and the court did not issue a judgment "on the merits," the court erred in *924 dismissing the case with prejudice. Plaintiff argues that she should not be precluded from pursuing her claim in the proper forum that has personal jurisdiction over defendant. We agree.
In Oregon, "a dismissal 'with prejudice' creates a claim-preclusive bar, even if the dismissal was due to a procedural fault and not a decision on the substantive validity of the action." Cornus Corp. v. Geac Enterprise Solutions, Inc., 252 Or. App. 595, 604-05, 289 P.3d 267 (2012), rev. den. , 353 Or. 428, 299 P.3d 889, cert. den. , 571 U.S. 952, 134 S.Ct. 421, 187 L.Ed.2d 279 (2013) ; see also Te-Ta-Ma Truth Foundation v. Vaughan , 114 Or. App. 448, 451, 835 P.2d 938 (1992) (a dismissal with prejudice generally precludes a subsequent action); Sandgathe v. Jagger , 165 Or. App. 375, 381, 996 P.2d 1001 (2000) (observing that the "term 'with prejudice,' expressed in a judgment of dismissal, has a *840 well-recognized legal import" and operates as an adjudication on the merits).
The doctrine of claim preclusion prohibits a party "from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first action and the first action resulted in a judgment on the merits." Cornus Corp. , 252 Or. App. at 604, 289 P.3d 267 (internal quotation marks omitted). The Oregon Supreme Court has explained the meaning of "on the merits" in Rennie v. Freeway Transport , 294 Or. 319, 330-31, 656 P.2d 919 (1982) :
"The term 'on the merits' connotes a final definitive decision as to the substantive validity of plaintiff's cause of action, in contrast to a ruling based wholly on a procedural aspect of the case. Thus, where a court dismisses a plaintiff's action on a matter of procedure-e.g ., improper venue, lack of jurisdiction , or nonjoinder of an essential party-without ruling as to the substantive validity of plaintiff's claim for relief, that dismissal will not generally be res judicata so as to preclude subsequent action based on the same claim."
(Emphasis added.) Thus, generally, a dismissal for lack of jurisdiction is not a decision "on the merits" and therefore, does not preclude a subsequent action based on the same claim in the proper forum.
In Sandgathe , we held that, because of the preclusive effect of dismissal with prejudice, the termination of an action as premature should be without prejudice. 165 Or. App. at 384, 996 P.2d 1001. In that case, we reversed a judgment that dismissed, with prejudice, a legal malpractice claim based upon the defendant's allegedly inadequate representation of the plaintiff in a criminal case in which the plaintiff was convicted. The claim was dismissed because the plaintiff could not prove legally cognizable injury from the alleged malpractice in light of the fact that his conviction had not been overturned. We concluded that such a dismissal would improperly preclude the plaintiff from pursuing his claim against the defendant if his conviction were ultimately overturned. Id . at 379, 996 P.2d 1001 ; see ODOT v. Winters , 170 Or. App. 118, 130, 10 P.3d 961 (2000), rev. den. , 332 Or. 239, 28 P.3d 1174, cert. den. , 534 U.S. 996, 122 S.Ct. 465, 151 L.Ed.2d 382 (2001) (discussing Sandgathe ).
*841 This case was dismissed for lack of personal jurisdiction.[10] That type of dismissal is a matter of procedure, not a decision on the merits. See Rennie , 294 Or. at 330-31, 656 P.2d 919 (dismissal for lack of jurisdiction is not a decision on the merits, but rather a matter of procedure). When the court dismissed with prejudice, that designation precluded plaintiff from bringing her negligence action in the proper forum with jurisdiction over defendant or in Oregon in *925 the event that jurisdiction might somehow become proper later. In the absence of any basis to bar plaintiff from bringing the claim on the merits, the court erred in dismissing plaintiff's case with prejudice.
Judgment remanded for an entry of judgment dismissing without prejudice; otherwise affirmed.

In relevant part, ORCP 21 A provides:
"[T]he following defenses may at the option of the pleader be made by motion to dismiss: *** (2) lack of jurisdiction over the person ***. If, on a motion to dismiss asserting defenses (1) through (7), the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits, declarations and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present affidavits, declarations and other evidence, and the court may determine the existence or nonexistence of the facts supporting such defense ***."

A police report shows that the car had Washington license plates and was rented through Budget Rental with an area code 360 phone number-a Washington area code.

Plaintiff stresses that, when leaving Oregon, defendant had purchased a roundtrip ticket in May to the UK and back. Defendant explained that he knew he had to be back in Portland and Seattle for the July business conferences and the roundtrip ticket was cheaper than two one-way tickets.

Although plaintiff also cites ORCP 4 A(1) and (5), plaintiff does not develop any substantive argument in support of jurisdiction under those provisions. To the extent plaintiff does argue that ORCP 4 A(1) or (5) confer jurisdiction over defendant, we reject such arguments. It is "not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself." Beall Transport Equip. Co. v. Southern Pacific Transp ., 186 Or. App. 696, 700 n. 2, 64 P.3d 1193, adh'd to on recons , 187 Or. App. 472, 68 P.3d 259 (2003).

Defendant spent 11 days in the United States, three of which were in Portland. Plaintiff did not establish where defendant spent the other eight days.

Plaintiff notes that "ORS 807.062 requires that a person must be domiciled in or a resident of Oregon in order to have an Oregon driver license." Plaintiff insists that an Oregon driver license, "which by law is available only to Oregon residents, in and of itself is substantial connection with the State of Oregon." Plaintiff overlooks the potential that a person might simply violate a licensing requirement by failing to be an Oregon resident. Our record does not contain information about the efficacy of licensing enforcement practices, nor the reasons why the Motor Vehicle Division might reasonably process an address change involving an out-of-state address.

Other states have concluded that mere maintenance of a driver's license is insufficient to constitute "purposefully directing activities at the forum state." In Hoekstra, 302 Ill.App.3d at 708, 236 Ill.Dec. 340, 707 N.E.2d at 188, the court stated:
"In this case, the possession of an Illinois driver's license does not constitute purposeful direction of activity toward Illinois residents. [Defendant] rented the car in Michigan, travelled in Michigan only, and was involved in an accident with plaintiff in the state of Michigan. Furthermore, although [defendant's] driver's license indicates a Wheeling, Illinois address, he indicated in his affidavit that he had not been a resident of Illinois since 1992."

Defendant moved to the UK on May 6, 2015, according to his deposition, and the accident occurred July 19, 2015-t10 weeks and four days later.

If that were so, general personal jurisdiction would mean that this UK resident could just as readily be sued in Oregon for an auto accident in Boston, a software contract in Miami, or a hotel bill in Honolulu.

There is no indication that the dismissal with prejudice was intended to serve as a sanction for failure to comply with a court order, court procedure, or for otherwise acting improperly. See, e.g. , Stronach v. Ellingsen , 108 Or. App. 37, 814 P.2d 175, rev. den. , 312 Or. 151, 817 P.2d 758 (1991) (sanction of dismissal with prejudice was justified by plaintiff's failure to comply with order compelling production of copies of all reports of medical examinations); Martin v. Blakney , 85 Or. App. 203, 735 P.2d 1294 (1987) (dismissal with prejudice as discovery sanction was not an abuse of discretion, where plaintiff failed to appear for deposition which had already been rescheduled due to inability of plaintiff's counsel to attend previous setting, and plaintiff subsequently failed to appear for hearing on sanctions).