NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MINKA WALLACE,

    Plaintiff-Appellant,

v.

STEPHEN C. HOLDEN,

    Defendant-Appellee.

No.    20-35993

D.C. No. 3:20-cv-05643-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted January 19, 2022
Honolulu, Hawaii

Before:  O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Minka Wallace appeals from the district court's grant of summary judgment

against her on the ground that her personal injury claim against Stephen Holden

was barred by the Washington statute of limitations.  Wallace also asks this court

to reverse the order transferring this case from the District of Oregon to the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Western District of Washington.  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Wallace did not commence this personal injury action within three years of the injury, so her claim is time-barred in Washington.  *See* Wash. Rev. Code § 4.16.080(2).  Washington's tolling statute does not apply, as Holden was amenable to service of process and therefore was "within the personam jurisdiction of the court." *Summerrise v. Stephens*, 454 P.2d 224, 228 (Wash. 1969).  Nor did a facially preclusive judgment "remove the responsibility to file a lawsuit within the statute of limitations." *Petcu v. State*, 86 P.3d 1234, 1252 (Wash. Ct. App. 2004).  And Wallace is not entitled to equitable tolling because there is no evidence of "bad faith, deception, or false assurances" by Holden. *Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998).

II

A transfer order is an interlocutory order. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007).  Normally, therefore, such orders are not appealable. *In re Kemble*, 776 F.2d 802, 806 (9th Cir. 1985).  But "[a] necessary corollary to the final judgment rule is that a party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir.

2

2001).  Because both the District of Oregon and the Western District of Washington are in the Ninth Circuit, we have jurisdiction to review the transfer order from the District of Oregon on appeal from the final judgment in the Western District of Washington.  *See Posnanski v. Gibney*, 421 F.3d 977, 980 (9th Cir. 2005) ("Such transfer orders . . . are reviewable only in the circuit of the transferor district court.").

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state."  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  The District of Oregon applied controlling Oregon state court precedent correctly to find that there was no personal jurisdiction over Holden.  *See Wallace v. Holden*, 445 P.3d 914, 920-22 (Or. Ct. App. 2019), *review denied*, 451 P.3d 1005 (Or. 2019).  Wallace has not asserted any other challenge to the transfer order.  *See United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc).

**AFFIRMED.**